(74 App. Div. 496.)

### McILWAINE v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department. July 8, 1902.)

1. WRONGFUL DEATH—DAMAGES—EVIDENCE—ADMISSIBILITY.
      On the issue as to the damages in an action for the wrongful death
   of a cab driver, evidence as to whether he at times came in intoxicated
   at the end of a day's drive was improperly excluded.

2. SAME—EXCLUSION—PREJUDICIAL ERROR—PRESUMPTION.
      In an action for the wrongful death of a cab driver, where the jury
   awarded a verdict of $10,000, a rejection of material evidence on the issue
   of damages must be presumed to have been prejudicial.
      Patterson, J., dissenting.

Appeal from trial term, New York county.

Action by Katherine McIlwaine, as administratrix of David McIlwaine, deceased, against the Metropolitan Street Railway Company. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Charles F. Brown, for appellant.
Warren Leslie, for respondent.

LAUGHLIN, J. This is a statutory action to recover for the death of David McIlwaine, which is alleged to have been caused through the negligence of the defendant. Whether the decedent was free from negligence, and whether his death was caused by the negligence of the defendant, were fair questions of fact, which were properly submitted to the jury. The case appears to have been tried with ability and care, not only on the part of the court, but on the part of the counsel. There is, however, an exception that requires a reversal. The decedent was 29 years of age, and his occupation was that of a cab driver. He was married, but had no children, and left, besides his widow, two sisters, two brothers, and a father. His wages were $12 per week, but the evidence indicated that his income was increased to $17 or $18 per week by tips. The jury awarded $10,000 for the damages sustained by the widow and next of kin. While it may be that the verdict could be sustained if no error had been committed on the trial affecting the question of damages, yet it may be fairly said that the verdict is large, and borders on excessiveness. In such circumstances, a new trial should be granted for error in the reception or rejection of evidence relating to the question of damages, even though the erroneous ruling might be disregarded in other cases upon the ground that no substantial prejudice resulted therefrom. The proprietor of the livery stable, in whose employ the decedent had been during the last two years of his life, was called by the defendant. With reference to the decedent, he was asked by defendant's counsel, "Did he use to come in intoxicated at the end of his day, when he had been driving?" This was objected to as incompetent, irrelevant, and immaterial. Before the

¶ 1. See Death, vol. 15, Cent. Dig. §§ 86, 108.

court ruled upon the objections the defendant's counsel said, "I don't mean right along, but at times?" This question was further objected to on the ground that the decedent had been in the employ of the witness for two years, and that the evidence called for did not affect his earning capacity. The defendant's counsel insisted that the evidence was competent as having a bearing on the value of the decedent's life; claiming that, if he was in the habit of drinking and getting intoxicated on occasions, that had a bearing on the value of his life. The objection was sustained, and the defendant's counsel duly excepted. We think that the evidence should have been received, and that, in the circumstances, its rejection constituted reversible error. In this class of cases, where the verdict of a jury is a mere estimate, based largely upon speculation as to the future health, length of life, family relations, earning capacity, and probable savings of the decedent, great latitude should be allowed in the presentation of evidence that may aid the jury in the determination of any of these questions. The precise question as modified, which was excluded by the court, did not call for evidence relating to habits of the decedent with reference to the use of intoxicating liquors that amounted to a daily custom; but it is manifest that the counsel for the defendant expected to show something more than an occasional use of liquor, and that the court, by the ruling to which exception was taken, intended to exclude any evidence on the subject. It is common knowledge that the use of intoxicating liquors to any extent has a bearing upon the ability of the subject to withstand certain kinds of illness and disease. In estimating the probability as to the decedent's future health and the duration of his life, the jurors were called upon to consider the probabilities as to his becoming ill, which involved his susceptibility to disease, and his ability to withstand the ravages of disease. His use of intoxicating liquors had a bearing upon this subject, the importance of its bearing depending upon the extent of the use. Moreover, the habits of the decedent with reference to the use of intoxicating liquors, which involved the expenditure of part of his earnings, would throw some light both upon the question as to the probable amount of his savings, and the amount of money which he would contribute to his family, and also upon the question as to the amount of his earnings; weight of the evidence depending, of course, upon the extent to which he indulged in such liquors. Furthermore, in view of the decedent's occupation, if he was in the habit, even though only occasionally, of becoming intoxicated while in the performance of his duties, the jury had a right to take that into consideration in weighing the chances of his death by accident,' or the impairment of his capacity to earn money by injury. The question called for facts in the history of the decedent's life which would be indicative of his habits or custom, and which were proper for the consideration of the jury on the question of pecuniary loss sustained by the widow and next of kin.

The judgment and order should be reversed, and a new trial granted, with costs to appellant to abide the event. All concur, except PATTERSON, J., who dissents.