JOHN E. REISZEL, an Infant, by His Mother and Natural Guardian, DALE V. REISZEL, et al., Appellants, v. JOSEPH FONTANA, Respondent.

Second Department, July 20, 1970.

*Hahn & Gottlieb* (*Irwin E. Simenowitz* of counsel), for appellants.

*Andrew L. Cisternino* (*Charles F. Brady* of counsel), for respondent.

SAMUEL RABIN, J. The question presented by the instant appeal is whether the trial court properly charged that the standard of care applicable to the defendant, a 17-year-old licensed driver, was only that standard of care " which a reasonably prudent boy of 17 years of age might have exercised or should have exercised ".

On May 3, 1963, at approximately 4:50 P.M., an automobile operated by the defendant struck the infant plaintiff while he was riding a bicycle. The accident occurred as the infant was bicycling out of an " entrance " driveway to a parking area in a shopping center in Huntington, New York.

At the time of the accident the infant plaintiff was 11 years old while the defendant, a duly licensed driver, was 17 years old.

The trial court was asked by the plaintiffs to clarify its charge to the jury as to the standard of care applicable to a minor operator of an automobile. The plaintiffs explained that since the court had charged that the infant plaintiff would not be held to the standard of care required of an adult, but only to that standard applicable to a reasonably prudent 11-year-old, the jury might have mistakenly believed that as the

defendant was also a minor he, too, would not be held to the standard of care of a reasonably prudent motorist, but only to the standard that a reasonably prudent 17-year-old operator would be expected to exercise. As a result, the plaintiffs requested the court to charge that " since the operation of a motor vehicle in this state requires a license, that Mr. Fontana [the defendant] is held to the standard of care of every licensed operator of this state and not the standard of care of a 17-year old operator " [bracketed matter supplied].

The court, in refusing to so charge, specifically instructed the jury as follows: " If he was 17 at the time *he is held to a standard of care which a reasonably prudent boy of 17 years of age might have exercised or should have exercised* " [emphasis added].

The court later restated its position when the jury, during its deliberations, returned for additional instructions. The court stated that, by virtue of their respective minorities, the same doctrine applied to both the infant plaintiff and the defendant, i. e., that their ages should be taken into consideration in determining whether they were guilty of negligence or contributory negligence, respectively.

In my opinion such a charge was erroneous as it created an unfair advantage in favor of the defendant by holding him to a lesser standard of care than that applicable to an adult motorist. Where a minor engages in the potentially dangerous activity of operating a motor vehicle, he is no longer entitled to have his actions judged with regard to his immaturity (Ann. 97 ALR 2d 876). The public interest and the public safety require that any consequences caused by the minor's incapacity shall fall upon him rather than on the innocent victim and that he should be held to an adult standard without allowance for his age (Prosser, Torts [3d ed.], p. 159). Therefore, in the operation of an automobile or other motor-powered vehicle for which a license is required, the safety of the public mandates that a minor be held to the adult standard of the " reasonable man ", rather than a less rigorous standard consonant with his youth and immaturity (2 Harper and James, Law of Torts, § 16.8; cf. PJI 2:49).

Accordingly, the judgment in favor of the defendant must be reversed, on the law, and a new trial granted, with costs to abide the event.

CHRIST, P. J., HOPKINS, BRENNAN and BENJAMIN, JJ., concur.

Judgment reversed, on the law, and new trial granted, with costs to abide the event. The questions of fact have not been considered.