■ RAYMOND RUBIN, Respondent, v ISABELLE RUBIN, Appellant.—Appeal from an order of the Supreme Court, Westchester County, dated January 27, 1977, dismissed as academic. That order was superseded by the order dated May 24, 1977, which, upon granting reargument, adhered to the original determination. Order of the same court, dated May 24, 1977, affirmed insofar as appealed from. No opinion. Orders of the same court dated June 28, 1977 and July 26, 1977, respectively, affirmed. No opinion. Plaintiff is awarded one bill of $50 costs and disbursements to cover all appeals. Hopkins, J. P., Latham, Cohalan and Damiani, JJ., concur.

■ JOAN SMEDLEY, as Guardian Ad Litem of ANTHONY PIAZZOLLA, an Infant, Plaintiff, v SALVATORE PIAZZOLLA et al., Defendants. (Action No. 1.) JOAN SMEDLEY, as Guardian Ad Litem of ANTHONY PIAZZOLLA, an Infant, Appellant, v JOHN PIAZZOLLA, Respondent. (Action No. 2.)—In consolidated negligence actions to recover damages for personal injuries, the appeal is from an order of the Supreme Court, Suffolk County, dated November 19, 1976, which granted the motion of defendant in Action No. 2 for summary judgment. Order affirmed, with $50 costs and disbursements. It is now the generally accepted rule that whenever a child, whether as plaintiff or as defendant, engages in an activity which is normally one for adults, such as driving an automobile or flying an airplane, the public interest and safety require that any consequences due to his incapacity shall fall upon him rather than the innocent victim, and that he must be held to the adult standard without any allowance for his age *(Reiszel v Fontana,* 35 AD2d 74; Prosser, Torts [4th ed], § 32, p 156). The cases which set forth the above rule deal with minors who have knowingly and intentionally driven an automobile or participated in other activities. In the instant case there is no claim that the infant defendant, who was not yet four years old at the time of the accident, operated the car in the true sense of the word, or that he was capable of doing so at his age. At most he might have released the emergency brake or placed the car in gear. This is not the kind of case that the courts had in mind when they held that an infant may be held to the adult standard (cf. PJI 2:23). Rabin, J. P., Shapiro, Suozzi and O'Connor, JJ., concur.