■ DARLENE HOSMER, Individually and as Administratrix of the Estate of ROBERT HOSMER, Deceased, Respondent, v WILLIAM L. DISTLER, as Administrator of the Estate of HUGH J. PAYNE, Deceased, Defendant and Third-Party Plaintiff-Appellant. GEORGE C. NICHOLS et al., Individually and Doing Business as BARTON INN, Third-Party Defendants-Respondents.— Yesawich, Jr., J. Appeals (1) from a judgment of the Supreme Court (Rose, J.) in favor of third-party defendants, entered May 24, 1988 in Tioga County, which dismissed the third-party complaint at the close of the evidence, (2) from a judgment of said court, entered June 30, 1988 in Tioga County, upon a verdict rendered in favor of plaintiff, and (3) from an order of said court, entered July 15, 1988 in Tioga County, which denied defendant's motion to set aside the verdict.

At around 8:50 P.M. on July 18, 1985, after drinking and playing horseshoes at a nearby inn, Robert Hosmer was pushing his motorized bicycle across State Route 17C. Toward the middle of the road he fell while attempting to mount the bike; he got up and continued across the road, still pushing his bike, but was struck down and killed by an automobile driven by Hugh J. Payne, now deceased. Payne was a diabetic who had previously suffered a mild heart attack. Plaintiff, Hosmer's widow, commenced the instant wrongful death action which Payne answered by general denial and the assertion of comparative negligence and assumption of risk as affirmative defenses. Payne then initiated a third-party action against the proprietors of the inn. Upon Payne's death, his estate was substituted as defendant and third-party plaintiff. A jury trial was held and, at the close of the evidence, Supreme Court dismissed the third-party action. The jury then returned a verdict for plaintiff in the amount of $175,000. Hosmer was found to have been 70% at fault and the remaining 30% liability was attributed to Payne's negligence. Defendant appeals from the dismissal of the third-party action, the judgment in favor of plaintiff and denial of a motion to set the verdict aside.

At the outset, defendant maintains that Supreme Court erroneously granted plaintiff's motion *in limine* to suppress Hosmer's three convictions, accumulated in past years, for driving while intoxicated and any evidence tending to show that Hosmer had a habit of excessive drinking. Defendant argues that suppressing such evidence deprived him of the opportunity to present crucial proof on the issue of damages pertaining to such matters as Hosmer's life expectancy and

ability to provide for his survivors (see, McIlwaine v Metropolitan St. Ry. Co., 74 App Div 496, 498-499). However, Supreme Court quite reasonably found that the danger that the jury might unfairly conclude Hosmer was intoxicated on the night of his fatal accident based on a propensity to become intoxicated outweighed the probative value of such evidence (see, Fisch, New York Evidence § 217, at 129 [2d ed]).

Before resting his case, defendant attempted to introduce evidence that plaintiff had received $2,000 in no-fault insurance death benefits, which Supreme Court denied based upon plaintiff's stipulation that the $2,000 had been received. Although the court agreed to offset the jury's verdict by this amount, it apparently inadvertently failed to do so. Since the statutory death benefit (Insurance Law § 5103 [a] [4]) was, in effect, paid to compensate plaintiff's economic loss, it was a proper offset and should be reflected in the final award (CPLR 4545 [c]).

At the close of the evidence, defendant unsuccessfully urged Supreme Court to charge that Payne should be held to a lower standard of care because at the time of the occurrence he wore bifocals, wore a left leg prosthesis because that leg had been amputated as a result of his diabetes, and was taking medication for various ailments. The court correctly observed that since Payne chose to drive with full knowledge of his disabilities he is to be held to the standard of a reasonable licensed driver (accord, Reiszel v Fontana, 35 AD2d 74, 75). In fact, Payne had the additional responsibility of exercising caution to compensate for any increased hazard occasioned by his known disabilities (see, Prosser and Keeton, Torts § 32, at 176).

Defendant also questions the manner in which interest is computed in the judgment. While defendant concedes, as he must, that interest upon the sum awarded to plaintiff from the date of Hosmer's death to the date of the verdict is a substantive part of plaintiff's damages (see, Matter of Russo v Kemper Group, 146 AD2d 701; see also, EPTL 5-4.3), he is apparently of the view that plaintiff is not entitled to post-judgment interest on the preverdict interest. This, however, ignores CPLR 5002 and 5003, under which postverdict and postjudgment interest is authorized on "the total sum awarded, including interest to verdict" (CPLR 5002; see, 5 Weinstein-Korn-Miller, NY Civ Prac ¶ 5001.13).

Supreme Court's dismissal of the third-party complaint in which defendant sought contribution from the owners of the inn based on General Obligations Law § 11-101 (the Dram

Shop Act) and common-law negligence is also challenged. Defendant suggests that in ruling that there was no evidence that Hosmer was "visibly intoxicated", the court was relying upon the language in Alcoholic Beverage Control Law § 65 (2) as it read after the accident occurred; previously the statute prohibited alcohol sales to anyone "actually or apparently under the influence of alcohol". In our view, this analysis is a hypertechnical characterization of Supreme Court's ruling. Moreover, the record is essentially devoid of evidence that Hosmer was actually or apparently intoxicated and replete with evidence that his gait, speech and actions were normal. It is also significant that following dismissal of the third-party action, defendant did not request a special verdict on the question of whether Hosmer's negligence was due to intoxication. And with respect to defendant's common-law negligence claim, it suffices to note that common-law negligence cannot attach for third-party defendants' failure to supervise, because the injury occurred beyond the premises of the inn *(see, Etu v Cumberland Farms,* 148 AD2d 821, 822-823; *Sheehy v Big Flats Community Day,* 137 AD2d 160, 162).

Lastly, no appeal lies from an order denying a motion for judgment notwithstanding the verdict *(see, Kozlowski v City of Amsterdam,* 111 AD2d 476, 477); to allow such an appeal would amount to an extension of time in which to appeal the judgment beyond that permitted by CPLR 5513 *(see,* Siegel, NY Prac § 254, at 314). That appeal here is superfluous and must be dismissed for defendant has appealed from the judgment. Defendant's remaining arguments do not merit discussion.

Judgment entered May 24, 1988 affirmed, without costs.

Judgment entered June 30, 1988 modified, on the law, without costs, by reducing the award by $2,000, and, as so modified, affirmed.

Appeal from order entered July 15, 1988 dismissed, without costs. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.