■ KATHRYN L. WRIGHT, as Executrix of CLYDE J. WRIGHT, Deceased, Appellant, v SUNSET RECREATION, INC., Respondent. — Appeal from an order of the Supreme Court at Special Term (Hughes, J.), entered October 26, 1981 in Rensselaer County, which granted defendant's motion for summary judgment dismissing the complaint. During the early morning hours of December 23, 1979, Clyde J. Wright was traveling east on Route I-90 in the Town of East Greenbush when his vehicle was struck by an automobile, operated by Thomas Donnelly and owned by his wife, traveling west in the same traffic lane. Mr. Wright died from the injuries sustained in the accident. Thereafter, plaintiff, wife of the deceased and executrix of his estate, commenced an action against the Donnellys and the instant action against Sunset Recreation, Inc., wherein she alleged that the corporate defendant was responsible for her loss both on a theory of common-law negligence and strict liability pursuant to the Dram Shop Act (General Obligations Law, § 11-101). In both actions the complaint alleges that Mr. Donnelly was intoxicated at the time of the accident. Defendant Sunset Recreation, Inc., moved for summary judgment. Special Term granted the motion and this appeal by plaintiff ensued.[1] Turning to the common-law negligence theory first, we conclude that it does not raise a triable issue of fact. Any duty under this theory to control the conduct of patrons in consuming alcoholic beverages does not extend beyond the area where supervision and control may reasonably be exercised (*Schirmer v Yost*, 60 AD2d 789; *Paul v Hogan*, 56 AD2d 723). The deceased in the instant case was fatally injured by the actions of Thomas Donnelly driving a vehicle on a highway many miles away from the site of defendant's building. Plaintiff thus failed to allege the existence of any facts which could support a finding of liability against defendant on a theory of common-law negligence. In her strict liability cause of action, plaintiff contends she has raised issues of fact as to whether defendant, in violation of section 11-101 of the General Obligations Law and section 65 of the Alcoholic Beverage Control Law, unlawfully assisted its lessee, Sunset Tavern,[2] in procuring liquor for an intoxicated person and, therefore, caused or contributed to such intoxication. This contention is premised on the fact that both Sunset Tavern and defendant occupy the same building, with the former selling alcoholic beverages and the latter operating a bowling alley. Waitresses of the tavern solicited and filled orders for drinks from patrons of the bowling alley. These facts, plaintiff argues, created a beneficial relationship beyond that of landlord and tenant which should necessitate inquiry at trial. We disagree. This court, in *Gabrielle v Craft* (75 AD2d 939), stated that the failure to allege a sale of an alcoholic beverage in an action pursuant to the Dram Shop Act was fatal. No such allegation is alleged in the complaint herein. The sale was made by Sunset Tavern, not by defendant. Next, plaintiff's affidavits in opposition to defendant's motion for summary relief, other than emphasizing the proximity of the tavern to

1. This appeal does not involve the action against Thomas and Mary Donnelly.

2. Sunset Tavern is a defendant in the companion action brought by plaintiff against the Donnellys.

defendant, fail to allege any facts supportive of any "special business relationship", other than landlord and tenant, existing between the two entities. The convenience that may have existed by reason of the closeness of the bowling alley to the tavern cannot cause a sale by the tavern on the bowling alley premises to rise to the level of a sale by defendant so as to impose liability. The Dram Shop Act must be construed narrowly (*Gabrielle v Craft, supra*) and absent any proof of sale of intoxicating beverages by defendant to Thomas Donnelly and any evidence creating a legal agency relationship whereby this defendant might be proved to be a person "who shall, by * * * unlawfully assisting in procuring liquor for such intoxicated person, have caused or contributed to such intoxication" (General Obligations Law, § 11-101, subd 1), there is not the requisite allegation of facts sufficient to defeat the CPLR 3212 motion for summary judgment. Order affirmed, with costs. Mahoney, P. J., Mikoll, Yesawich, Jr., and Levine, JJ., concur.