■ MARTIN RAPAPORT et al., Respondents-Appellants, v DIAMOND DEALERS CLUB, INC., et al., Appellants-Respondents, and HERTZE HASENFELD et al., Respondents, et al., Defendants. — Order, Supreme Court, New York County (A. M. Myers, J.), entered March 8, 1983 granting plaintiffs' motion for a preliminary injunction and dismissing certain causes of action in the amended complaint, etc., is unanimously modified, on the law and the facts, and in the exercise of discretion, in the following respects: (1) the first three decretal paragraphs granting a preliminary injunction requiring the reinstatement of plaintiff Martin Rapaport as a member of defendant Diamond Dealers Club, Inc. (DDC) are vacated as moot; (2) the following decretal paragraph is inserted following the seventh decretal paragraph: "ORDERED, that if plaintiffs

do not avail themselves of such leave, plaintiffs shall (within 30 days after service of a copy of the order of this Appellate Division determining the appeal from this order) serve a second amended complaint which shall limit itself to the causes of action not dismissed and allegations of fact relevant thereto; and it is further"; and the order is otherwise affirmed, without costs. Defendant DDC has represented to the court that the individual plaintiff has been unconditionally reinstated as a member in good standing; accordingly the mandatory preliminary injunction to that effect in the order appealed from has become moot. The amended complaint is prolix, confusing, and difficult to answer. The amended complaint "proper" consists of 219 numbered paragraphs, exclusive of the prayers for relief. The first 168 paragraphs, said to be common to all causes of action, precede the "first cause of action." Each cause of action realleges these 168 paragraphs plus all preceding causes of action. The 168 paragraphs contain a confusing succession of discrete facts, conclusions, comments on hearings and transcripts and considerable other subsidiary evidentiary matter whose relevance to a particular cause of action is frequently obscure. The complaint "proper" is 42 pages long. Attached to it and forming part of the complaint are 35 exhibits covering 144 pages. These exhibits include much evidentiary matter; supporting letters from others, reprints of news media articles by way of interesting examples of such articles supporting plaintiffs' view of the facts; transcripts of testimony; copies of rabbinical court summonses and correspondence relating thereto; copy of an exhibit alleged to be improperly admitted at another hearing, etc. The exhibits being part of the complaint (CPLR 3014), the complete complaint is 186 pages long, and as we have said, not easy to follow. Difficult as such a complaint is to answer, it becomes more difficult now that five of the seven causes of action have been stricken; but there remain the 168 introductory paragraphs of the complaint and the 144 pages of exhibits, some or perhaps most of which must relate only to the stricken causes of action (if they belong in a pleading at all). Defendants should not be required to answer such a jumble. Even if plaintiffs do not avail themselves of the opportunity to replead the stricken causes of action, there should be a new complaint limiting itself to allegations of fact clearly relevant to the causes of actions sought to be pleaded. The order appealed from decides motions for a preliminary injunction and to dismiss the complaint for failure to state a cause of action. There is no occasion for us to express any view as to what evidence would be admissible upon a trial, and we do not do so. Concur — Murphy, P. J., Sullivan, Silverman, Milonas and Kassal, JJ.