ELEANOR F. DELAMATER, as Administratrix of the Estate of JAMES W. DELAMATER, Deceased, Respondent, v EDWARD F. KIMMERLE et al., Defendants, and ELM TREE RESTAURANT, INC., et al., Appellants.

Third Department, December 20, 1984

**APPEARANCES OF COUNSEL**

*Levinson, Jenkins & Karger* (*Sheila Callahan O'Donnell* of counsel), for Gerald A. MacDonald, appellant.

*Connor, Curran & Schram* (*Marlene O. Tuczinski* of counsel), for Elm Tree Restaurant, Inc., appellant.

*Ainsworth, Sullivan, Tracy & Knauf* (*Margaret Comard Lynch* of counsel), for Four Brothers J.S. MacLoed Restaurant, Inc., appellant.

*Gilbert & Walker* (*Edgar G. Walker* of counsel), for respondent.

## OPINION OF THE COURT

HARVEY, J.

In the early morning hours of July 4, 1983, plaintiff's decedent, her son, was a passenger in a convertible automobile owned and operated by defendant Edward F. Kimmerle. Both men allegedly were intoxicated. Plaintiff's decedent suffered fatal injuries when thrown from the hood of Kimmerle's car, where he had climbed while the vehicle was in motion. The instant action was commenced against defendant Kimmerle and four different tavern owners.

Plaintiff's original complaint set forth two causes of action against each tavern owner for violation of section 11-101 of the General Obligations Law (Dram Shop Act) by illegally causing Kimmerle's intoxication which, in turn, contributed to decedent's personal injuries and death. Two additional Dram Shop Act causes of action were asserted against each tavern owner involving the intoxication of decedent as a contributing cause of decedent's personal injuries and death.

Plaintiff moved to amend her complaint by adding two common-law negligence causes of action against each tavern owner, asserting that their service of intoxicants to decedent and Kimmerle when the men were already in an intoxicated condition constituted a breach of the duty to use reasonable care. Defendants Elm Tree Restaurant, Inc., Four Brothers J.S. MacLoed Restaurant, Inc., and Gerald A. MacDonald opposed plaintiff's motion to amend. Defendant MacDonald also cross-moved seeking dismissal of those Dram Shop Act causes of action set forth in plaintiff's original complaint for failure to state a cause of action (CPLR 3211, subd [a], par 7).

Special Term granted plaintiff's motion to amend her complaint by adding the common-law negligence causes of action. Special Term granted only so much of defendant MacDonald's cross motion as sought the dismissal of one of plaintiff's causes of action against MacDonald, since the manner in which it was pleaded made it duplicitous. This appeal ensued upon the tavern owners' contention that Special Term erred by permitting plaintiff to plead causes of action for common-law negligence. Defendant MacDonald appeals from the denial of his motion to dismiss the death and personal injury causes of action based upon decedent's own intoxication.

■ Section 11-101 of the General Obligations Law is the statutory embodiment of public policy that a tavern owner who continues to sell alcoholic beverages to an intoxicated patron, or

one who is apparently under the influence of alcohol (see Alcoholic Beverage Control Law, § 65), is engaging in tortious conduct for which an injured third party may hold him strictly liable (*Weinheimer v Hoffman,* 97 AD2d 314, 317; *Anderson v Comardo,* 107 Misc 2d 821, 822, 825). However, the statute does not create a cause of action in favor of a person who has sustained personal injury or has died as a result of his own intoxicated condition (*Mitchell v The Shoals, Inc.,* 19 NY2d 338, 340-341; *Moyer v Lo Jim Cafe,* 19 AD2d 523, affd 14 NY2d 792). Since section 11-101 of the General Obligations Law represents the creation of a liability not previously existing in the common law, it should not be given an enhanced construction (*Wright v Sunset Recreation,* 91 AD2d 701; *Moyer v Lo Jim Cafe, supra;* see McKinney's Cons Laws of NY, Book 1, Statutes, § 301). Special Term should therefore have dismissed those causes of action based upon decedent's intoxication.

The courts have declined to impose common-law negligence liability upon a tavern owner for the conduct of voluntarily intoxicated patrons where, as here, the injury takes place at a location some distance from the tavern owner's establishment and outside the area controlled by that person (*Wright v Sunset Recreation, supra; Schirmer v Yost,* 60 AD2d 789; *Paul v Hogan,* 56 AD2d 723). Accordingly, Special Term should have denied plaintiff's motion to amend her complaint.

Plaintiff, in her individual capacity, could have commenced a Dram Shop Act action if decedent's death deprived her of her means of support, but she has not done so.

MAIN, J. P., CASEY, MIKOLL and YESAWICH, JR., JJ., concur.

Order modified, on the law, without costs, by reversing so much thereof as (1) granted plaintiff's motion for leave to amend her complaint, and (2) denied defendant Gerald A. MacDonald's cross motion to dismiss the thirteenth and fourteenth causes of action of the complaint; motion denied and cross motion granted; and, as so modified, affirmed.