OPINION OF THE COURT
Thomas E. Mercure, J.
Defendant Glenville Beer Distributors, Ltd. (hereafter Glen-ville) moves for summary judgment dismissing each of the causes of action pleaded against it in each of the complaints herein. In support of the motion, movant has come forward with uncontroverted evidence of the following. In the late afternoon of September 21, 1983, Robert Kingsland (plaintiff’s decedent in action No. 1), Cheryl Gaar (plaintiff in action No. 2), Vikki Peek (plaintiff in action No. 3), and Robert Coon (a nonparty) were passengers in a vehicle owned and operated by Donald J. Ritz (defendant in each of the actions). They drove to the store of defendant Glenville, and defendant Ritz and Robert Kingsland purchased beer. Neither was apparently or actually intoxicated or under the influence of alcohol at the time of the purchase. At the time, Ritz and Kingsland were both 18 years of age. With the exception of Ritz, each of the occupants of the van contributed to the cost of the beer. During the early morning hours of September 22, 1983, the vehicle was involved in a collision which at least indirectly caused the death of Kingsland and personal injury to Gaar and Peek. Of the foregoing, the only factual findings essential to determination of the motion are those relating to the actual purchase of the beer, the ages of Kingsland and Ritz and that they were sober at the time of the purchase of the beer from Glenville. Any other facts stated above are for informational purposes only and are not binding upon the parties to the actions.
The complaints each allege common-law negligence and statutory (General Obligations Law § 11-101, commonly known as the "Dram Shop Act”) causes of action against Glenville. These causes of action shall be considered separately.
THE DRAM SHOP ACT CAUSES OF ACTION
The threshold issue, apparently never directly addressed in a reported decision in this State, is whether the furnishing of alcoholic beverages to an individual of less than legal age (19 *125 at the time of the occurrences forming the basis for the causes of action herein; see, Alcoholic Beverage Control Law § 65 [1]), who was not actually or apparently under the influence of alcohol at the time of the sale forms a basis for civil liability under the provisions of General Obligations Law § 11-101 (1), which reads as follows: "Any person who shall be injured in person, property, means of support, or otherwise by any intoxicated person, or by reason of the intoxication of any person, whether resulting in his death or not, shall have a right of action against any person who shall, by unlawful selling to or unlawfully assisting in procuring liquor for such intoxicated person, have caused or contributed to such intoxication; and in any such action such person shall have a right to recover actual and exemplary damages” (emphasis supplied).
It is movant’s contention that the proper interpretation of the emphasized statutory language is to restrict the application of the section to situations where the "intoxicated person” was intoxicated at the time he was unlawfully sold or unlawfully assisted in procuring the intoxicating beverage. It is true that the language states: "by unlawful selling to or unlawfully assisting in procuring liquor for such intoxicated person”. It is less than clear from a reading of the statutory language itself whether the words "such intoxicated person” are intended to inject an element into the statutory cause of action and require that the person be intoxicated at the time of the sale or, alternatively, whether the modifier "intoxicated” is simply intended to assist in identifying the person to whom the language refers. It might be noted in this connection that the word "person” is used a total of seven times, to represent three separate classes of individuals (i.e., the intoxicated person, the person who supplied or assisted in procurement of the intoxicant and the person injured or killed) and a type of injury (i.e., injury to the person).
To further complicate matters, the fact that it is unlawful to provide intoxicants to any intoxicated person or to any person, actually or apparently, under the influence of liquor (Alcoholic Beverage Control Law § 65 [2]) renders superfluous the modifiers "unlawful” and "unlawfully” if the statute is intended to require that the sale be made to an intoxicated person in order to form a basis for civil liability. This apparent incongruity and the entire legislative history of section 11-101 was painstakingly analyzed in McNally v Addis (65 Misc 2d 204), with the persuasive conclusion that that inclusion of *126 the language was nothing but a legislative oversight. This conclusion is substantially buttressed by the fact that the origin of the modifiers preceded enactment of the Alcoholic Beverage Control Law. Although not specifically so holding, as to so do was not necessary for determination thereof, the court in McNally was of the opinion that section 11-101 applied only to instances where the "intoxicated person” was intoxicated at the time of acquiring the alcoholic beverage.
Considerable credence is added to this opinion by the Legislature’s enactment of General Obligations Law § 11-100, effective 90 days following July 25, 1983. Subdivision (1) thereof (in its initial form, effective until Dec. 1, 1985) reads as follows: "Any person who shall be injured in person, property, means of support or otherwise, by reason of the intoxication or impairment of ability of any person under the age of nineteen years, whether resulting in his death or not, shall have a right of action to recover actual damages against any person who knowingly causes such intoxication or impairment of ability by unlawfully furnishing to or unlawfully assisting in procuring alcoholic beverages for such person with knowledge or reasonable cause to believe that such person was under the age of nineteen years.”
This section would appear to do exactly what plaintiffs argue section 11-101 already did, i.e., create a cause of action in favor of an injured party or his estate against the person who furnished or assisted in procuring alcoholic beverages for an underage individual. Interestingly, and significantly, the word "unlawfully” is present, although entirely as superfluous as in section 11-101, as it is unlawful to furnish or to assist in procuring alcoholic beverages for any person, actually or apparently, under the age of 19 years (Alcoholic Beverage Control Law §65 [1], as it existed until Dec. 1, 1985). Even more important, or so it would appear from a reading of the statutory language, the modifier "intoxicated” is not present in connection with the words "such person” in describing the underage drinker, an apparently significant deviation from the language of section 11-101 (1).
However, a reading of letters and memoranda prepared by the sponsors of General Obligations Law § 11-100 reveals their unmistakable intent that the cause of action therein created be limited to the furnishing of alcoholic beverages to intoxicated minors. In fact, judging from the memoranda, the only real significance of the bill would appear to be its application *127 to noncommercial suppliers of alcoholic beverages and particularly the social host. At the same time, there is serious question as to the consideration to be given a sponsor’s preenactment interpretation of proposed legislation (see, e.g., People v Graham, 55 NY2d 144, 151).
In fact, for the purpose of this motion, it does not matter whether section 11-100 is interpreted so as to require the minor to be intoxicated at the time he is furnished the intoxicating beverage or not. In either case, its enactment constitutes very strong evidence of the Legislature’s belief and intention that section 11-101 does not apply to sales to minors who are not under the influence of alcohol. Accordingly, the court holds that the complaints fail to state a cause of action against Glenville under the provisions of General Obligations Law § 11-101 because of their failure to allege and to oppose the motion with evidence to support an indispensable element, to wit, that the defendant sold alcoholic beverages to an intoxicated person or a person actually or apparently under the influence of alcohol.
THE COMMON-LAW CAUSES OF ACTION
It is undisputed that the collision forming the basis for the within actions occurred in excess of eight hours following the sale of beer to Ritz and Kingsland and after the group had driven from Scotia to Glens Falls and back to the Schenectady area, a distance approaching 100 miles. Although the courts have recognized a common-law cause of action in favor of third parties suffering injuries and the dependents of persons killed at the hand of a person unlawfully sold intoxicants against the seller thereof, "any duty under [the common-law negligence] theory to control the conduct of patrons in consuming alcoholic beverages does not extend beyond the area where supervision and control may reasonably be exercised” (Wright v Sunset Recreation, 91 AD2d 701). Clearly, Glenville had no means of supervising any of the individuals after their departure from its retail store.
Accordingly, the common-law negligence causes of action pleaded against Glenville must be dismissed as well.
The complaints and each of them are in all respects dismissed as to defendant Glenville Beer Distributors, Ltd.