■ CLAUDIA M. JOLY, Appellant, v NORTHWAY MOTOR CAR CORPORATION, Respondent.—Kane, J. Appeal from a judgment of the Supreme Court (Conway, J.), in favor of defendant, entered July 22, 1986 in Albany County, upon a dismissal of the complaint at the close of plaintiff's case.

Plaintiff seeks to recover damages for personal injuries sustained in an automobile accident which occurred at about 5:45 P.M. on Friday, December 22, 1978, in the City of Cohoes, Albany County, when a vehicle operated by Kenneth Hinds collided head-on with a vehicle owned and operated by plaintiff. Hinds, an employee of defendant, had left his place of employment at about 5:00 P.M. after participating in a Christmas party that afternoon where food and beer had been provided for all employees by defendant. The results of a blood alcohol test disclosed that Hinds had been operating his vehicle with a blood alcohol concentration of .21%. The record also demonstrates that Hinds was on his usual route home, made no stops for food or drink from the time of leaving his place of employment to the scene of the accident, and that the operation of his vehicle caused the collision.

In her complaint, plaintiff seeks recovery under two separate causes of action, the first under the Dram Shop Act (General Obligations Law § 11-101) and the second under principles of common-law negligence and respondeat superior. Upon the trial of this action and at the conclusion of plain-

tiff's proof, Supreme Court, upon motion by defendant, directed a verdict for defendant and dismissed plaintiff's complaint. This appeal ensued.

We affirm. There can be no liability under General Obligations Law § 11-101 unless there has been an illegal sale of alcoholic beverages (e.g., Gabrielle v Craft, 75 AD2d 939, 940; Paul v Hogan, 56 AD2d 723). Here, the food and beverage were gratuitously furnished by defendant to its employees from its own funds. The fact that some of the money used may have been from profits on vending machines on the premises used by employees is irrelevant. The record conclusively demonstrates that there was no "sale" within the contemplation of the applicable statutes (e.g., Edgar v Kajet, 84 Misc 2d 100, affd 55 AD2d 597, lv dismissed 41 NY2d 802, 902).

As to the cause of action founded upon principles of common-law negligence, there is no duty owed to the general public by this defendant under the circumstances presented. That duty extends only to those such as Hinds while they are on defendant's premises (see, Allen v County of Westchester, 109 AD2d 475, appeal dismissed 66 NY2d 915; Delamater v Kimmerle, 104 AD2d 242; Wright v Sunset Recreation, 91 AD2d 701). Moreover, the doctrine of respondeat superior is inapplicable. The record clearly demonstrates that the tortious conduct of Hinds occurred when he was no longer within the scope of his employment, but at a time after he left defendant's premises to proceed to his home. Moreover, there is no showing that defendant participated in or encouraged Hinds in consuming the alcoholic beverages to the extent that he became intoxicated, or had any knowledge of that intoxication (see, Lundberg v State of New York, 25 NY2d 467; Greer v Ferrizz, 118 AD2d 536, 538). Accordingly, the complaint was properly dismissed.

Judgment affirmed, without costs. Mahoney, P. J., Kane, Weiss, Yesawich, Jr., and Levine, JJ., concur.