■ LESLIE MUHLHAHN, Respondent, v TRIPLE CEE BAR AND RESTAURANT SUPPLY COMPANY, Appellant.—Yesawich, Jr., J. Appeal from a judgment of the Supreme Court (Swartwood, J.), entered May 23, 1986 in Tompkins County, upon a verdict rendered in favor of plaintiff.

Plaintiff instituted suit by service of a summons with notice alleging "personal injury as a result of defective product". She claimed to have suffered a second degree chemical burn to her leg while using a cleansing and degreasing agent said to have been distributed by defendant. When defendant failed to serve a timely response, a default was taken and an inquest to assess the amount of plaintiff's damages was held; a jury returned a verdict of $2,700.

Prior to the inquest, defendant challenged the adequacy of plaintiff's affidavit on the ground that it did not prove a prima facie cause of action as required by CPLR 3215 (e). Supreme Court found the affidavit sufficient to sustain a default judgment, and on that issue defendant brings this appeal.

CPLR 3215 (e) provides in relevant part that: "On any application for judgment by default, the applicant shall file proof of service of the summons and complaint, or a summons and notice * * * and proof by affidavit made by the party of the facts constituting the claim, the default and the amount due. Where a verified complaint has been served it may be used as the affidavit of the facts constituting the claim and the amount due". Defendant maintains that the affidavit constitutes insufficient "proof" because it implicates defendant—as being the supplier of the cleansing agent—through hearsay and conclusory statements, not through plaintiff's personal knowledge. But this overstates the level of proof required to support a default judgment. A defendant upon default is deemed to have admitted all traversable allegations, including the basic allegation of liability but may contest a plaintiff's conclusions as to damages *(Rokina Opt. Co. v Camera King,* 63 NY2d 728, 730). The affidavit need only allege enough to enable the court to determine that jurisdiction lies and that there is a cause of action upon which relief may be granted *(see,* 4 Weinstein-Korn-Miller, NY Civ Prac ¶¶ 3215.25, 3215.27). As the language of CPLR 3215 (e) itself indicates, the level of proof required to uphold a complaint is all that is contemplated. Here, though somewhat inartful, the affidavit states a strict products liability cause of action.

In addition, given that defendant in its unsuccessful application to open the default in fact admitted being the proper defendant, we are unpersuaded by its contention that, at the time of default, it was not apprised of the allegations it is now deemed to have admitted because the action was commenced by a mere summons with notice and no complaint was ever served.

Judgment affirmed, with costs. Mahoney, P. J., Main, Yesawich, Jr., Levine and Harvey, JJ., concur.