■ RICHARD LIPPMAN, Appellant, v JAMES HINES et al., Doing Business as GREELEY'S TAVERN, Respondents.—Weiss, J. Appeal from an order of the Supreme Court (Walsh, Jr., J.), entered August 12, 1987 in Montgomery County, upon a decision of the court, without a jury, which dismissed the complaint at the close of an inquest on the issue of damages held following a default judgment granted to plaintiff.

At approximately midnight on June 8, 1985, plaintiff sustained a fractured jaw as the result of an alleged assault by David Crouse outside Greeley's Tavern, a bar in the Village of Fort Plain, Montgomery County, owned by defendants. The complaint in this action first alleges a cause of action based on defendants' reported violations of the Dram Shop Act (General Obligations Law § 11-101) and Alcoholic Beverage Control Law § 65, and a second cause of action in negligence. Both claims are based upon Crouse's intoxication reportedly due to his

consumption of alcoholic beverages at defendants' tavern since the early afternoon of June 8, 1985, during Fort Plain's annual "Old Fashioned Days" celebration. Plaintiff entered judgment based upon defendants' default in this action and scheduled an inquest on damages. At the inquest, plaintiff offered his testimony and that of witnesses to attest to the atmosphere at the bar, Crouse's intoxication and plaintiff's injury. Supreme Court dismissed the complaint, finding the evidence insufficient to prove either cause of action. Upon denial of reargument, this appeal ensued.

We reverse. In *Muhlhahn v Triple Cee Bar & Rest. Supply Co.* (133 AD2d 996), this court recently reviewed the requisite degree of proof to substantiate a default judgment pursuant to CPLR 3215 (e) and stated: "A defendant upon default is deemed to have admitted all traversable allegations, including the basic allegation of liability but may contest a plaintiff's conclusions as to damages * * * The affidavit need only allege enough to enable the court to determine that jurisdiction lies and that there is a cause of action upon which relief may be granted"*(supra,* at 997). Thus, while proof of liability may be required at an inquest on damages, only a prima facie case of liability need be established. Here, plaintiff's affidavit of merit supporting his motion for default *(see,* CPLR 3215 [e]) and the evidence produced at the inquest amply support both causes of action.

To establish his cause of action under the Dram Shop Act, plaintiff was required to set forth proof that defendants either sold or provided Crouse with alcoholic beverages while Crouse was actually or apparently under the influence of alcohol *(see, Delamater v Kimmerle,* 104 AD2d 242, 243-244; *Allan v Keystone Nineties,* 74 AD2d 992). Plaintiff produced several witnesses testifying that Crouse had consumed a large amount of beer throughout the day at the bar and was, at least, apparently intoxicated. Thus, a prima facie case was presented. With respect to the negligence cause of action, it is clear that defendants owed a duty to adequately supervise and control the patrons consuming alcoholic beverages within the area where supervision and control might reasonably be exercised *(see, Allen v County of Westchester,* 109 AD2d 475, 477, *appeal dismissed* 66 NY2d 915; *Wright v Sunset Recreation,* 91 AD2d 701; *Huyler v Rose,* 88 AD2d 755, *appeal dismissed* 57 NY2d 777). Here, plaintiff's proof that his jaw was fractured just outside defendants' tavern only moments after exiting with Crouse established a prima facie case of negligence.

In sum, since plaintiff adequately substantiated both causes

of action for purposes of CPLR 3215 (e), the case must be remitted to Supreme Court for an appropriate determination of damages.

Order reversed, on the law, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this court's decision. Mahoney, P. J., Kane, Casey, Weiss and Mercure, JJ., concur.