MARGARET A. SHEEHY et al., Appellants, v BIG FLATS COMMU-
NITY DAY, INC., et al., Defendants, and AMERICAN LEGION
ERNEST SKINNER MEMORIAL POST 1612, Respondent.

Third Department, May 12, 1988

## APPEARANCES OF COUNSEL

*Ziff, Weiermiller & Hayden (James B. Reed* of counsel), for appellants.

*Levene, Gouldin & Thompson (John J. Pollock* and *William S. Yaus* of counsel), for respondent.

### OPINION OF THE COURT

KANE, J. P.

On the evening of June 24, 1983, plaintiff Margaret A. Sheehy (hereinafter Sheehy), then age 17, was struck by an automobile while crossing the public highway at the intersection of State Route 352 and River Street in the Town of Big Flats, Chemung County. She was proceeding from the premises of defendant Driscoll's Tavern, Inc. to the "Big Flats Community Days" celebration which was taking place across the road and was sponsored by defendant Big Flats Community Day, Inc. At the time of the accident Sheehy was intoxicated, and plaintiffs contend that earlier in the evening she had been served beer at a beer tent operated by defendant American Legion Ernest Skinner Memorial Post 1612 (hereinafter the Legion) at a time when she was intoxicated and under the then legal drinking age of 19 (Alcoholic Beverage Control Law § 65 [former (1)], as amended by L 1982, ch 159, § 1).

The complaint in this action seeks recovery for personal injuries sustained by Sheehy and for expenses and loss of

services sustained by her mother. Plaintiffs allege causes of action in common-law negligence, statutory negligence and a violation of General Obligations Law § 11-101 (1) and (4) (hereinafter the Dram Shop Act). A motion for summary judgment resulted in dismissal of each cause of action in the complaint against the Legion, except for the mother's cause of action predicated on the Dram Shop Act, wherein a conditional dismissal was granted with the right to replead. Neither party appeals from the dismissal of the Dram Shop Act cause of action. Plaintiffs do, however, argue that Supreme Court improperly dismissed the causes of action alleging common-law negligence and purporting to allege a violation of Penal Law § 260.20 (former [4]).[1]

Turning first to plaintiffs' common-law negligence claim, it appears that when the accident occurred, Sheehy was on the highway about 200 yards away from the Legion's beer tent. Under common law, a landowner is responsible for injuries caused to a third person by an intoxicated guest only if the injuries occurred on the landowner's property or in an area under his control where he had an opportunity to supervise the intoxicated guest *(D'Amico v Christie,* 71 NY2d 76, 85). This court has previously dismissed common-law claims involving injuries to others caused by intoxicated persons where the injuries have not occurred on the landowner's premises *(see, e.g., Joly v Northway Motor Car Corp.,* 132 AD2d 790, 791; *Delamater v Kimmerle,* 104 AD2d 242, 244; *Wright v Sunset Recreation,* 91 AD2d 701). Plaintiffs attempt to distinguish these cases by arguing that, unlike the instant situation, they involved accidents occurring far from the site where the alcoholic beverages were served and/or occurred a significant period of time after the drinking took place. Plaintiffs also claim that the highway here encompassed an area within the Legion's control.

■ This argument must be rejected. Plaintiffs did not allege in the complaint that the Legion is the landowner and the Legion has denied owning the land on which its tent was located. In addition, plaintiffs failed to offer any proof to support their claim that the Legion exercised control over that part of the highway where the accident occurred. There-

---

1. Plaintiffs' complaint never specifically alleged a violation of Penal Law § 260.20 (former [4]). Nevertheless, we agree with Supreme Court that the fourth cause of action in the complaint could be read to allege negligence under this statute.

fore, Supreme Court properly dismissed plaintiffs' claim of common-law negligence.

We turn next to plaintiffs' assertion that they should be permitted to sue under Penal Law § 260.20 (former [4]) (as amended by L 1982, ch 159, § 4). At the time of the accident, this statute provided that a person was "guilty of unlawfully dealing with a child when * * * [h]e gives or sells * * * any alcoholic beverage * * * to a child less than nineteen years old".[2]

■ Whether a statute gives a private right of action to the one injured by its violation is based on two factors: first, whether the plaintiff is one of the class for whose benefit the statute was specifically enacted, and second, whether such a private right of action would clearly further the legislative purpose of the statute (CPC Intl. v McKesson Corp., 70 NY2d 268, 276). In our view, although the first requirement, concededly, is satisfied, the statute and its history indicate that a private cause of action based upon it was not intended (but see, Montgomery v Orr, 130 Misc 2d 807; Dynarski v U-Crest Fire Dist., 112 Misc 2d 344 [intoxicated minors permitted to maintain negligence suits based on an alleged violation of Penal Law § 260.20 (4)]). In reaching this conclusion, we note that General Obligations Law § 11-100 (former [1]) (as added by L 1983, ch 641, § 1, eff Oct. 23, 1983)[3] created a statutory cause of action for compensation for injuries or damages caused by an intoxicated person by imposing liability on those who unlawfully furnish or assist in procuring alcoholic beverages for persons under the age of 19. Thus, in contrast to the Dram Shop Act, General Obligations Law § 11-100 (1) does not require that a sale take place where an underage drinker is involved; a social host, for example, may now be held liable (see, Powers v Niagara Mohawk Power Corp., 129 AD2d 37, 41).

By enacting this statute, the Legislature has provided relief similar to that now sought by plaintiffs under Penal Law former § 260.20 (4), and in doing so, was presumed to be familiar with common-law and statutory remedies then existing (see, Burns Jackson Miller Summit & Spitzer v Lindner, 59 NY2d 314, 325). If Penal Law § 260.20 (4) had already imposed

2. Penal Law § 260.20 (4) has since been amended and now applies to persons under the age of 21 (L 1985, ch 274, § 5).

3. This statute took effect after the date of the accident in the instant case. It has since been amended and now applies to persons under the age of 21 (L 1985, ch 274, § 4).

the civil liability established by General Obligations Law § 11-100 (1), the latter statute would have been unnecessary. Thus, it can be reasonably inferred that no private cause of action exists under Penal Law § 260.20 (4) *(see, County of Monroe v State of New York,* 123 AD2d 141, 143, *lv denied* 69 NY2d 612).[4]

While it could be argued that Penal Law § 260.20 (4) gives the intoxicated minor a cause of action for injuries he himself may have sustained (which General Obligations Law § 11-100 [1] does not do), we have found no legislative intent to support this argument. Further, it is a well-established principle that the Dram Shop Act does not create a cause of action in favor of one suffering injury by reason of his own intoxication *(see, Delamater v Kimmerle,* 104 AD2d 242, 244, *supra).*

WEISS, MIKOLL, YESAWICH, JR., and LEVINE, JJ., concur.

Order affirmed, without costs.

---

4. In reaching this conclusion, we note our disagreement with the Fourth Department's recent holding to the contrary in *Stambach v Pierce* (136 AD2d 329).