■ WILLIAM J. ETU, III, et al., Individually and as Administrators of the Estate of WILLIAM J. ETU, IV, Deceased, Appellants-Respondents, v CUMBERLAND FARMS, INC., et al., Appellants, and SPENCER GIFTS RETAIL STORES, INC., Doing Business as SPENCER GIFTS, INC., et al., Respondents.—Mercure, J. Appeals (1) by permission, from an order of the Supreme Court (Dier, J.), entered November 19, 1987 in Washington County, which denied the cross motion of various defendants to, *inter alia,* direct plaintiffs to state and separately number each cause of action against defendants, and (2) from an order of said court, entered December 1, 1987 in Washington County, which granted the motions of defendants Spencer Gifts Retail Stores, Inc., MCA, Inc., and Once Upon a Planet, Inc., for summary judgment dismissing the complaint against them.

On June 30, 1983, plaintiffs' decedent, a 15 year old, purchased a simulated driver's license from a retail store owned and operated by defendant Spencer Gifts Retail Stores, Inc. Instructions were included which provided "you can be older or younger with INSTANT PROOF OF AGE"; "Just fill out and add your photo." The "license" contained spaces for completing information and had the words "Not Valid" in a pinkish color across the back. Thereafter, decedent filled in the information

so that the "license" indicated that he was 19 years old. After unsuccessfully attempting to purchase beer at two stores, decedent purchased a case of beer at a Cumberland Farms store in the Town of Fort Edward, Washington County, by exhibiting the simulated license to the assistant manager. Shortly after purchasing the beer, decedent and his friends consumed it and returned home. Decedent then obtained the key to the family car from his mother's pocketbook, took the car without permission, and was involved in a one-car accident which resulted in his death. His blood alcohol content was .08%.

This action, alleging various causes of action including common-law negligence, violation of General Obligations Law § 11-101 (hereinafter the Dram Shop Act), strict products liability and wrongful death, was commenced by decedent's parents, individually and as administrators of his estate, against defendant Cumberland Farms, Inc. and related and subsidiary corporations (hereinafter collectively referred to as Cumberland Farms), defendant Spencer Gifts Retail Store, Inc., doing business as Spencer Gifts, Inc., and defendant MCA, Inc. (hereinafter collectively referred to as Spencer), and the manufacturer of the simulated license, defendant Once Upon a Planet, Inc. (hereinafter Planet). After the service of pleadings and completion of discovery, all defendants moved for summary judgment dismissing the complaint and Cumberland Farms moved for various other relief. Supreme Court denied Cumberland Farms' motion to compel plaintiffs to separately state and number each cause of action and partially granted its motion for summary judgment; in addition, Supreme Court granted summary judgment dismissing the complaint against Planet and Spencer. These appeals by plaintiffs and Cumberland Farms ensued.

We turn first to the causes of action asserted against Cumberland Farms premised on a violation of the Dram Shop Act and common-law negligence. Initially, we reject Cumberland Farms' argument that decedent's actions in taking his mother's car without permission constituted an unforeseeable superseding force, breaking the chain of causal connection as a matter of law *(see, Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, 315; *Mesick v State of New York,* 118 AD2d 214, 218, *lv denied* 68 NY2d 611), or such a serious violation of law as to require dismissal of plaintiffs' causes of action *(see, Barker v Kallash,* 63 NY2d 19, 24; *Kush v City of Buffalo,* 59 NY2d 26, 33-34; *Craft v Mid Is. Dept. Stores,* 112 AD2d 969, 971), especially in view of the policy considerations supporting the

doctrine *(see, Barker v Kallash, supra)*. Next, since it is well settled that the Dram Shop Act does not create a cause of action in favor of an individual who has sustained personal injury or has died as a result of his own intoxicated condition *(Powers v Niagara Mohawk Power Corp.,* 129 AD2d 37, 41; *Delamater v Kimmerle,* 104 AD2d 242, 244), Supreme Court properly dismissed those causes of action pleaded by plaintiffs as administrators of their son's estate, on his individual behalf. We also agree with Supreme Court's determination that decedent's parents may sue individually under the Dram Shop Act as parties suffering a loss which resulted from the injury of the intoxicated person *(see,* General Obligations Law § 11-101 [4]; *Reuter v Flobo Enters.,* 120 AD2d 722, 723; *see also, Powers v Niagara Mohawk Power Corp., supra,* at 41-42). Supreme Court did err, however, in denying Cumberland Farms' motion to dismiss the causes of action predicated upon common-law negligence, since the accident occurred outside the area of Cumberland Farms' control, several hours after the sale in question *(see, Reuter v Flobo Enters., supra; Wright v Sunset Recreation,* 91 AD2d 701).

We next turn to the causes of action pleaded against Planet and Spencer, the manufacturer and retailer of the simulated license, upon theories of negligence and strict products liability. The essence of these claims is that Planet and Spencer placed this simulated driver's license into the stream of commerce, it being foreseeable that it would be used by minors to misrepresent their ages to purchase alcoholic beverages.* As pleaded here, the theories of negligence and strict products liability are functional equivalents *(see, e.g., Biss v Tenneco, Inc.,* 64 AD2d 204, 207, *lv denied* 46 NY2d 711). A cause of action in strict products liability arises when a manufacturer places on the market a product which has a defect that causes injury *(Codling v Paglia,* 32 NY2d 330, 342). "[A] defectively designed product is one which, at the time it leaves the seller's hands, is in a condition not reasonably contemplated by the ultimate consumer and is unreasonably dangerous for its intended use; that is one whose utility does not outweigh the danger inherent in its introduction into the stream of commerce" *(Robinson v Reed-Prentice Div. of Package Mach.*

---

* Although not applicable to this case, it should be noted that General Business Law § 143 (L 1986, ch 9, eff Mar. 22, 1986) prohibits the sale of false identification documents not clearly marked with the word "novelty" and authorizes the Attorney-General, among others, to seek an injunction against any person, firm or corporation who continues to offer such false identification documents for sale.

*Co.,* 49 NY2d 471, 479). On this record, neither plaintiffs nor Cumberland Farms has come forward with evidence tending to establish that the "license" was unreasonably dangerous or that it was defectively made.

The "license" itself is nothing more than a piece of paper with spaces where one may fill in information, including date of birth. Once the packaging is removed, nothing on the paper represents it to be a driver's license and it does not realistically resemble one. It does not contain the words "driver", "operator" or "license"; it contains no purported official seal; it sets forth the name of no State or territory and has no place to fill one in. As noted, the words "Not Valid" are set forth on its reverse side. The product, according to the instructions provided with it, is intended to be used by a purchaser to misrepresent his or her age, so it cannot be said that it is in a condition not reasonably contemplated by the ultimate consumer *(supra)*. Spencer and Planet are not insurers against all injuries which may arise from the use or misuse of the simulated license. The law does not impose such a duty *(see, Landrine v Mego Corp.,* 95 AD2d 759, 760; *see also, Huppe v Twenty-First Century Rests.,* 130 Misc 2d 736). Nor is there any necessity to warn a consumer who is already aware of a specific hazard *(Lancaster Silo & Block Co. v Northern Propane Gas Co.,* 75 AD2d 55, 65; *see, Landrine v Mego Corp., supra,* at 759).

We also reject plaintiffs' argument that Spencer and Planet are liable under the Dram Shop Act because the simulated license assisted decedent in procuring beer within the meaning of General Obligations Law § 11-100. We conclude that General Obligations Law § 11-100 imposes liability on persons who unlawfully furnish or assist in procuring alcoholic beverages to underage persons where no sale is involved *(Powers v Niagara Mohawk Power Corp.,* 129 AD2d 37, 41, *supra)* and application of that section to the instant matter would contravene the narrow construction traditionally accorded to the Dram Shop Act *(see, e.g., Delamater v Kimmerle,* 104 AD2d 242, 244, *supra)*. Thus, Supreme Court properly dismissed all causes of action pleaded against Spencer and Planet.

As a final matter, we conclude that the complaint conforms to the requirements of CPLR 3014 and gives Cumberland Farms sufficient notice of the transaction and the material elements of each cause of action *(see,* CPLR 3013; *cf., Rapaport v Diamond Dealers Club,* 95 AD2d 743, 744). Thus, Supreme Court properly denied Cumberland Farms' motion that plaintiffs separately state and number each cause of action.

Order entered November 19, 1987 modified, on the law, without costs, by dismissing the cause of action against defendants Cumberland Farms, Inc., Cumberland Farms Food Stores of New York, Inc., Cumberland Farms Dairy of New York, Inc., and Delaware Food Stores, Inc., based on common-law negligence, and, as so modified, affirmed.

Order entered December 1, 1987 affirmed, without costs. Kane, J. P., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.