■ MICHELLE M. VAN NEIL et al., Appellants, v HAROLD HOPPER et al., Respondents.—Order unanimously affirmed without costs. Memorandum: On the evening of September 16, 1983, the 17-year-old plaintiff, Michelle Van Neil, allegedly consumed an excessive quantity of alcoholic beverages during a party at the home of defendants, Mr. and Mrs. Harold Hooper. The alcoholic beverages were allegedly served by Mrs. Hooper's son, 18-year-old Justin Rugg, and William Williams. Mr. and Mrs. Hooper were not present. Thereafter, at approximately 1:00 A.M. on September 17, 1983, Michelle Van Neil sustained personal injuries when she lost control of her automobile and struck a tree. The complaint alleges that Ms. Van

Neil was intoxicated at the time of the accident. Michelle Van Neil and her mother, Joan Van Neil, commenced this action against defendants. Supreme Court granted defendants' motion for summary judgment and dismissed the complaint.

Plaintiffs have no common-law negligence claim against defendants. The courts of this State have consistently declined to impose liability upon a provider of alcoholic beverages predicated on common-law negligence in favor of a person who, as here, was injured as a result of her own voluntary intoxication *(see, Sheehy v Big Flats Community Day,* 73 NY2d 629, 636; *Vandenburg v Brosnan,* 129 AD2d 793, 794, *affd* 70 NY2d 940; *Wellcome v Student Coop.,* 125 AD2d 393; *Reuter v Flobo Enters.,* 120 AD2d 722, 723). We decline plaintiffs' invitation to create an exception to this rule solely because the person injured was an infant *(see, Reuter v Flobo Enters., supra,* at 723). (Appeal from order of Supreme Court, Monroe County, Boehm, J.—summary judgment.) Present—Doerr, J. P., Boomer, Pine, Lawton and Davis, JJ.