■ JANET RODRIGUEZ, as Executrix of BERNARD DE JESUS, Deceased, Respondent, v BLANCHE MEMOLI et al., Respondents, and ANTONIN KOCICA, Individually and Doing Business as CHRISTOPHER'S BAR AND RESTAURANT, Appellant.—Order, Supreme Court, New York County (Charles E. Ramos, J.), which denied defendant Antonin Kocica's motion for summary judgment, reversed, on the law, without costs, defendant Kocica's motion is granted, and the complaint is dismissed as to him.

Prior to February 26, 1987, the defendant Farconob Restaurant Corp. owned Christopher's Bar and Restaurant (hereafter the bar), and the building in which the bar was located. On May 20, 1986, defendant Antonin Kocica had contracted with Farconob to purchase the bar, conditioned on Kocica's obtaining a liquor license, but Kocica never applied for the license, and the closing never took place. On February 26, 1987, Kocica purchased the building from Farconob, and thereafter leased the space for the bar to Farconob for $500 per month.

On October 24, 1987, plaintiff's decedent died in an automobile collision after he and the driver, Blanche Memoli, had been drinking at the bar. Plaintiff sued Memoli alleging that she was intoxicated at the time of the accident, and sued

Farconob and Kocica on the ground that they were responsible for Memoli's intoxication. Kocica demonstrated by documentary evidence and deposition testimony that Farconob never sold the bar to Kocica, that Farconob still managed the bar and held the liquor license, and that Kocica was only the landlord of the building in which the bar was located.

General Obligations Law § 11-101 (1) (the Dram Shop Act) creates a cause of action on behalf of an injured person, and that person's executor or administrator in the case of death, where the injury or death was caused by an intoxicated person, "against any person who shall, by unlawful [sic] selling to or unlawfully assisting in procuring liquor for such intoxicated person, have caused or contributed to such intoxication". As Kocica had established on his motion for summary judgment that he was not the owner of the bar, or its liquor license, that he was not responsible for the management or operation of the bar, and that he was not even present in the bar on the evening that Memoli allegedly became intoxicated there, it became plaintiff's obligation to introduce evidence raising an issue of fact in regard to any of these factors upon which liability is imposed by the statute. As plaintiff failed to meet her burden on the motion, summary judgment should have been granted to Kocica dismissing the complaint as to him *(Wright v Sunset Recreation,* 91 AD2d 701; *see, D'Amico v Christie,* 71 NY2d 76, 83-86). Concur—Murphy, P. J., Carro and Asch, JJ.

Ellerin, J., dissents and would affirm for the reasons stated by Ramos, J.