JEFFREY REICKERT, Plaintiff, and MARILYN REICKERT, Appellant, v PASQUALE MISCIAGNA et al., Respondents.

Second Department, November 2, 1992

APPEARANCES OF COUNSEL

*Meiselman, Boland, Reilly & Fugazzi,* Mineola *(Donald J. Boland* and *John Reilly* of counsel), for appellant.

*Curtis, Zaklukiewicz, Vasile, Devine & McElhenny,* Merrick *(John P. Humphreys* of counsel), for Pasquale Misciagna and another, respondents.

*John P. Coogan,* Wantagh, for Ray Forkel, Sr., and another, respondents.

**OPINION OF THE COURT**

SANTUCCI, J.

The question presented on this appeal is whether, as a matter of law, a parent can be held liable pursuant to General

Obligations Law § 11-100 where the parent does not actually furnish or assist in procuring alcoholic beverages to persons under the legal drinking age, but allegedly contributes to an atmosphere where alcoholic beverages were available by failing to supervise underage persons who were present in his or her residence, albeit without the parents' knowledge or permission.

On July 21, 1985, the plaintiff Jeffrey Reickert, then aged 18, spent several hours at the residence of the defendants Forkel. During that time Jeffrey, the Forkel's son, and some other friends consumed large amounts of alcoholic beverages. The defendants Ray Forkel, Sr., and Didi Forkel were not present at their home during this time, nor did they have any knowledge that Jeffrey and the others were drinking in their home. Later that same day the daughter of the defendants Misciagna invited Jeffrey, among others, over for a barbeque and swim at her parents' home, also without her parents' knowledge or permission. Soon after his arrival at the Misciagna residence, and without having consumed any alcoholic beverages on the Misciagna's property, Jeffrey dove into the Misciagna's above-ground pool. Jeffrey hit his head on the bottom of the pool rendering him unconscious and, ultimately, permanently paralyzed.

In September 1987, the plaintiffs, Jeffrey Reickert and his mother Marilyn Reickert, commenced an action against the defendants Misciagna and Forkel. The action between the plaintiff Jeffrey Reickert and the defendants was subsequently settled. On or about November 14, 1989, the defendants Misciagna and Forkel moved separately pursuant to General Obligations Law § 11-100 for summary judgment dismissing the remaining cause of action asserted by Marilyn Reickert. Marilyn Reickert's other causes of action were previously dismissed and are not the subject of this appeal.

■ By order dated March 19, 1990, the Supreme Court, Nassau County (DiNoto, J.), granted the defendants' motions for summary judgment dismissing the complaint and all cross claims. With respect to the defendants Forkel, the court found that those defendants "did * * * not procure for or furnish to Jeffrey Reickert any of the alcoholic beverages which he admittedly consumed". With respect to the defendants Misciagna, the court found that they too "did not give, offer or furnish any alcohol to the * * * plaintiff or anyone else at [their] home on [that] day". Accordingly, the court held: "In the absence of any factual evidence to rebut that offered by

defendants and by plaintiff's son, himself, with regard to defendants' conduct in the light of General Obligations Law § 11-100, summary judgment in their favor is clearly warranted". For the reasons stated below we affirm.

Under common law, the provider of intoxicating liquor was not held liable for injuries caused by the drinker, as "it was the drinking of the alcohol, not the furnishing of it, that was regarded as the proximate cause of alcohol-induced injury" *(D'Amico v Christie,* 71 NY2d 76, 84-85). However, General Obligations Law § 11-101 (the Dram Shop Act) created a cause of action against one who unlawfully *sells* alcoholic beverages to an intoxicated person on behalf of a person who has sustained injury caused by the intoxicated person *(see, Delamater v Kimmerle,* 104 AD2d 242, 244). As an exception to the common-law rule, General Obligations Law § 11-101 is to be narrowly construed *(see, D'Amico v Christie, supra,* at 83; *Delamater v Kimmerle, supra,* at 244).

In 1983, the Legislature enacted General Obligations Law § 11-100, which, "in contrast to the Dram Shop Act, impose[d] liability for injuries caused by intoxicated individuals who have not reached the legal drinking age upon persons 'unlawfully furnishing' alcoholic beverages to them" *(D'Amico v Christie, supra,* at 84). Specifically, General Obligations Law § 11-100 states in relevant part, as follows: "Any person who shall be injured in person, property, means of support or otherwise, by reason of the intoxication or impairment of ability of any person under the age of twenty-one years, whether resulting in his death or not, shall have a right of action to recover actual damages against any person who *knowingly causes such intoxication or impairment of ability by unlawfully furnishing to or unlawfully assisting in procuring alcoholic beverages for such person with knowledge or reasonable cause to believe that such person was under the age of twenty-one years"* (emphasis supplied).*

The legislative memorandum in support of General Obligations Law § 11-100 (1983 NY Legis Ann, at 281-282) provides insight into the purpose of the statute. In comparing General Obligations Law § 11-101 (the Dram Shop Act) with proposed General Obligations Law § 11-100, Senator Smith noted, as

---

* At the time this statute was enacted the legal drinking age in New York was 19. Thereafter, on December 1, 1985, it was changed to 21 (General Obligations Law § 11-100, as amended by L 1985, ch 274, § 4). At the time of the accident on July 1, 1985, the plaintiff Jeffrey Reickert was 18 years old and the legal drinking age was 19.

follows: "To place upon those *wishing to furnish* alcoholic beverages without charge a duty to know or have reason to know the age of the person being served and the apparent condition of the person so served does not place an inconceivable burden. * * * To *voluntarily provide* alcoholic beverages to an under-age person who is already intoxicated is morally irresponsible behavior and cannot be condoned. The time has come for every individual to accept responsibility for an activity which most people partake in, consumption of alcoholic beverages—the responsibility as a consumer, and as a furnisher, as well" *(ibid.;* emphasis supplied).

The crux of appellant's argument is that a parent can be held liable under General Obligations Law § 11-100 if he or she "constructively" furnishes or assists in procuring alcoholic beverages to underage persons by, specifically, failing to supervise such individuals at his or her residence. In the case at bar, the record reveals that the liquor consumed by the plaintiff Jeffrey Reickert took place only at the Forkel residence when the adult Forkels were not present. There is no evidence that the Forkels had any knowledge of, or that they had given any permission for, the consumption of alcoholic beverages by their son and his underage friends during their absence. Moreover, the alcohol which was consumed at the Forkel residence was mainly beer, which had been procured elsewhere and brought into the Forkel home on the day of the accident. Indeed, the injured plaintiff supplied himself with the two "eight packs" of beer which he consumed at the Forkel residence. The record also reveals that the injured plaintiff and his friends drank some "korn liquor" which had been previously obtained in Georgia by the Forkel's son without the knowledge of his parents. With respect to the Misciagnas, the injured plaintiff himself stated that he did not consume any alcoholic beverages while at the Misciagna house.

Under these circumstances, and in view of the legislative history, it is clear that General Obligations Law § 11-100 was not intended to impose liability for underage drinking which occurs upon an individual's premises without his or her knowledge or permission, or with alcoholic beverages over which he or she has no control. It was the intent of the Legislature that the furnisher or procurer of alcoholic beverages be actually aware of their actions, as Senator Smith's memorandum specifically notes that the "voluntary" furnishing, and not the negligent furnishing of alcohol to persons underage, is "morally irresponsible" *(see also, MacGilvray v*

*Denino,* 149 AD2d 571). Moreover, because it is in derogation of the common law, General Obligations Law § 11-100 is to be narrowly construed and should not be accorded the expansive interpretation which the appellant urges herein *(see,* McKinney's Cons Laws of NY, Book 1, Statutes § 301; *MacGilvray v Denino, supra,* at 572; *Delamater v Kimmerle,* 104 AD2d 242, 244, *supra).*

■ We also conclude that, under the circumstances of this case, the appellant may not assert a claim for damages pursuant to General Obligations Law § 11-100 (4). That provision states, in pertinent part, "[i]n any case where parents shall be entitled to [actual] damages, either of such parents may bring an action therefor". It is true that a cause of action pursuant to this section is entirely statutory and, therefore, does not depend upon the pendency of a cause of action on behalf of the injured person *(see, Wilkins v Weresiuk,* 64 Misc 2d 736, 738-739). However, this section must be read in conjunction with General Obligations Law § 11-100 (1) which states that: "Any person who shall be injured * * * by reason of the intoxication * * * of any person under the age of twenty-one years * * * shall have a right of action to recover * * * damages against any person who knowingly causes such intoxication * * * by unlawfully furnishing to or unlawfully assisting in procuring alcoholic beverages for such person". Thus, General Obligations Law § 11-100 (4) will only give rise to a cause of action in favor of parents where it can be shown that a defendant furnished to or assisted in procuring alcoholic beverages for the parent's child. In the case at bar, the injured plaintiff's intoxicated state was induced by alcohol which he himself procured and not as a result of alcoholic beverages furnished by the defendants. Under these circumstances, the defendants are not liable to the plaintiff's mother on her derivative claim for medical expenses *(cf., Reuter v Flobo Enters.,* 120 AD2d 722). This is so even though appellant has a duty to support her son until he reaches 21 years of age *(see, Vandenburg v Brosnan,* 129 AD2d 793, 794; *Van Neil v Hopper,* 167 AD2d 954; *cf., Comeau v Lucas,* 90 AD2d 674, 674-675).

■ Furthermore, we find that the appellant's common-law claims against the defendants did not survive the settlement of her son's action, as none of the defendants had the "opportunity to control" the injured plaintiff and the other underage drinkers, nor were they "reasonably aware of the need for such control" *(D'Amico v Christie,* 71 NY2d 76, *supra,* at 85).

The appellant's remaining contention regarding the adequacy of discovery is unpreserved for appellate review and, in any event, is without merit *(see, Adelman v Island Holding Corp.,* 157 AD2d 637).

Accordingly, the judgment is affirmed insofar as appealed from.

MANGANO, P. J., HARWOOD and MILLER, JJ., concur.

Ordered that the judgment is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.