OPINION OF THE COURT
Jerome C. Gorski, J.
This matter comes before this court by way of plaintiff’s motion to compel answers to interrogatories it submitted to the defendant, Zippo Manufacturing Company (Zippa). Zippo has cross-moved this court for relief — dismissal of plaintiff’s claim against it in its entirety. It is important to note that this is a companion case to the motor vehicle accident action previously commenced against the owner and driver of the defendant Flaherty’s vehicle. Depositions of all parties herein were conducted in that action.
By way of background, the plaintiff’s decedent was killed in a motor vehicle accident on August 25, 1992, when the defendant, Colleen Flaherty (Flaherty), drove her vehicle across the center yellow line of Southwestern Boulevard, West Seneca, New York, causing a head-on collision with the decedent. Immediately prior to the collision, Colleen Flaherty and her two passengers, defendants Shawn Galioto and Joy Kimball (Galioto and Kimball), stopped at Tops Markets, Inc. and admittedly purchased a canister of Zippo lighter fluid, allegedly to refill their butane lighter.
It is the plaintiff’s position, and the basis of their lawsuit against Zippo, that the lighter fluid was not merely used to refill the butane lighter, but was used as an inhalant for the purpose of getting "high”. This was accomplished by putting some fluid on a cloth and breathing in the fumes that are on the cloth. The plaintiff claims that this is the reason that the Flaherty vehicle veered off to the right across several lanes of trafile and collided with the decedent’s vehicle. Defendants Flaherty, Galioto, and Kimball adamantly maintain that they *1090 were not inhaling Zippo lighter fluid at any time at or near the time of the within accident, and all deny that they have ever engaged in such practice.
The initial investigation by the police indicates that they did not believe that the driver and passengers in the Flaherty vehicle to be under the influence of alcohol or narcotics, and the police officers so testified at the Department of Motor Vehicles (DMV) hearing held relative to this accident.
Plaintiff claims, however, that there was certain evidence which was later discovered which would make it more likely that the defendants were sniffing a butane-soaked rag to get high. After the Flaherty vehicle was disposed at a Pennsylvania junkyard, a Zippo representative searched the vehicle and found the following: a can of butane fuel on the front floor of the car on the driver’s side, and three canister caps within the vehicle, as well as a towel and a glove which, plaintiff claims, are instruments used in inhalation of the butane fumes.
The plaintiff brought products liability claims against Zippo alleging negligent manufacturing, negligent design, strict products liability, negligence, foreseeable misuse, and violations of the Public Health Law, as well as wrongful death claims on behalf of her distributees. Although the plaintiff has no direct evidence that Flaherty and her passengers were sniffing butane from a Zippo canister, plaintiff argues that he has a circumstantial case that such was being done at or near the time of the collision. The elements of his circumstantial claim include the fact that there is physical evidence from the car that more than one canister or parts thereof was in the vehicle, establishing that there are credibility problems with Flaherty and her passengers; the fact that no one can explain precisely why it was that Flaherty crossed over the double yellow line at an unreduced rate of speed without ever applying the brakes (no skid marks, and witness testimony to this effect); and that defendants Kimball and Galioto admit that they had "heard” of this practice of sniffing the butane fumes, leaving you "lightheaded”; and further, at the DMV hearing, defendant Kimball explained that she knew that defendant Galioto was filling the lighter with butane because she heard the hissing noise of the liquid coming out of the can for what she estimated to be 30 seconds to a minute. Plaintiff’s counsel surmises, based on his own experience, that it only takes a few seconds to do such a task, and that defendant Galioto must have been dispensing the liquid fuel elsewhere during this excessive time period.
*1091 The basis of the defendants’ motion for summary judgment seeking dismissal of the plaintiff’s claims in their entirety is that there is absolutely no evidence to indicate that these named defendants were engaged in the practices of which they are accused; and even if it was established that there was truth to the allegations, that Zippo had no duty to the decedent, as it was not she who was using the product at the time. In addition, the use or misuse of Zippo butane lighter fluid was not the proximate cause of the injuries to the plaintiff’s decedent since the alleged misuse of the product is a superseding, intervening factor which broke any chain of causation between Zippo and the death of the plaintiff’s decedent.
To defeat a motion for summary judgment, it is incumbent upon the opposing party to lay bare affirmative proof to demonstrate a triable issue of fact exists, and a reliance on mere suspicion or surmise is not sufficient. (American Motorists Ins. Co. v Salvatore, 102 AD2d 342 [1st Dept 1984].) In the case at bar, the plaintiff has no proof that the occupants of the Flaherty vehicle were participating in the inhalation of Zippo butane lighter. The allegedly incriminating evidence as found in the junkyard at a time period far removed in time and place from the accident, and the chain of custody are serious problems. The alleged evidence itself is capable of producing many interpretations for its existence, as is the failure of the driver to stay in her lane of travel. One of the passengers in the Flaherty vehicle surmised that Flaherty swerved to avoid an animal in the roadway and lost control of the car. Although there is no such proof, that explanation is at least as likely as the explanation set forth by the plaintiff.
Circumstantial evidence is evidence which does not directly prove a fact in dispute, but which permits a reasonable inference or conclusion that the fact exists. The inference must be logically compelling. (Schnieder v Kings Highway Hosp. Ctr., 67 NY2d 743 [1986].) The evidence must support the view of the reliant party over the opposing point of view, and must be based on facts and circumstances which can be reasonably inferred. (LaPaglia v Sears Roebuck & Co., 143 AD2d 173 [2d Dept 1988].) The "circumstantial” proof and conclusions relied upon by plaintiff are not logically compelling and are capable of being interpreted in many different ways as likely as the scenario that the plaintiff asks this court to accept.
*1092 Assuming, arguendo, that this were not the case and the court were to accept the theory which has been put forth by the plaintiff, the products liability claims against Zippo would still fail. The actions of Flaherty in misusing the product even though she was aware of its ill effects, and then operating a motor vehicle while under the influence of the substance, severs the chain of causation against Zippo. If this were a matter in which the injured party was the inhaler who had direct contact with the product, this court may look upon the causation of the injury differently. In this case, however, the injured party had no contact with the product, and was allegedly injured due to the misuse of a product by the driver of a motor vehicle with whom plaintiff eventually collided.
By comparison, the Legislature of this State deliberately chose to impose liability upon tavern owners who serve alcoholic beverages to intoxicated or underage patrons, and by statute, the Legislature chose to extend liability to persons not directly in contact with the intoxicating beverages. (Delamater v Kimmerle, 104 AD2d 242 [3d Dept 1984].) It has been held that a common-law negligence cause of action against a tavern owner does not apply if the time and place of the accident are remote from the tavern, beyond the area of supervision and control of the tavern. (Wright v Sunset Recreation, 91 AD2d 701 [3d Dept 1982].) Because the Dram Shop Act is in derogation of the common law, courts of all levels have recognized that its terms are to be narrowly construed. (Gabrielle v Craft, 75 AD2d 939 [3d Dept 1980].)
In the case at bar, there is no legislative mandate extending products liability to third persons with no contact to the allegedly offending product. The causal link between any possible products liability claim against Zippo and the decedent’s injuries was broken, as a matter of law. This ruling is likewise applicable to the claimed violations of Public Health Law §§ 1399-cc and 3380.
If this court was to accept plaintiff’s theory against Zippo, a virtual Pandora’s Box would be opened in the tort field of products liability. The manufacture of even the most innocent products could bring potential civil liability. Shoe polish and gasoline contain intoxicating components. Attractive and sharp kitchen knifes certainly can be and are misused. Syringes are a well-known vehicle for the misuse of narcotics. The list is endless.
*1093 Therefore, it is the decision of this court to dismiss the plaintiffs complaint against defendant Zippo in its entirety. Nothing in this decision should be construed as to, in any way, effect the companion action against the driver and owner of the offending vehicle.
*1094 1