■ DAVID COLEMAN, Plaintiff, v NEW YORK CITY TRANSIT AUTHORITY, Defendant. (Action No. 1.) EDWARD HUNTER et al., Appellants, v DAVID COLEMAN, Respondent. (Action No. 2.) — Judgment of the Supreme Court, Queens County (Rubin, J.), entered August 26, 1980, affirmed, with costs. No opinion. (We deem the notice of appeal dated Aug. 21, 1980 to be a premature notice of appeal from said judgment.) Lazer, J.P., Rabin, Gulotta and Cohalan, JJ., concur.

■ HELEN DEDEOGLOU, Appellant, v SIDNEY A. BECKLES et al., Respondents. — In a negligence action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Harrington, J.), entered April 22, 1980, which granted the defendants' motion, at the close of the plaintiff's case, to dismiss the complaint. Judgment reversed and new trial granted, with costs to abide the event. Based on the record before the trial court, it was improper to grant defendants' motion for a directed verdict. Plaintiff made out a prima facie case and the matter should therefore have gone to the jury. Mangano, J.P., O'Connor, Weinstein and Bracken, JJ., concur.

■ JOHN DE ROSA, Appellant, et al., Plaintiff, v TOMFOR TRANSPORTATION CORP. et al., Respondents. — In a negligence action to recover damages for personal injuries, plaintiff John De Rosa appeals, on the ground of inadequacy, from a judgment of the Supreme Court, Suffolk County (Jones, J.), entered September 8, 1980, which is in his favor in the principal sum of $11,022.80, upon a jury verdict. (The verdict in John De Rosa's favor had been reduced to that amount to reflect the jury's apportionment of liability.) Judgment reversed, on the law, and, as between plaintiff John De Rosa and defendants, action severed and new trial granted limited to the issue of the amount of damages, with costs to abide the event, unless defendants, within 20 days after service upon them of a copy of the order to be made hereon, with notice of entry, shall serve and file in the office of the clerk of the Supreme Court, Suffolk County, a written stipulation consenting to increase the verdict in favor of plaintiff John De Rosa to the principal sum of $20,000 (after apportionment), and to the entry of an amended judgment accordingly, in which event the judgment, as so increased and amended, is affirmed, with costs. The damages awarded were inadequate to the extent indicated. Damiani, J.P., Titone, Lazer and Gibbons, JJ., concur.