■ GARY CRESSWELL et al., Plaintiffs, v JOHN S. WARDEN, Defendant and Third-Party Plaintiff-Respondent. LANDMARK FOOD SERVICE, INC., Doing Business as CAFE ROYALE, et al., Third-Party Defendants-Appellants.—In an action to recover damages for personal injuries, the third-party defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Brucia, J.), entered January 24, 1989, as denied that branch of their motion which was for partial summary judgment dismissing the cause of action in the third-party complaint alleging a violation of General Obligations Law § 11-101.

Ordered that the order is affirmed insofar as appealed from, with costs.

On August 8, 1985, at about 10:00 P.M., the defendant third-party plaintiff John S. Warden visited the Cafe Royale in Syosset. After consuming some alcoholic beverages over a period of several hours, he suddenly attacked the proprietor. One of the police officers who responded to the scene was the plaintiff Gary Cresswell. During the early morning hours of August 9, 1985, Warden was taken to the hospital because of a head wound and, after being treated, abruptly ran away.

Later that same morning, the plaintiff Gary Cresswell responded to a radio call of a suspicious person on the Jericho Turnpike. When he arrived at the scene, he saw Warden, who

was in the custody of a police officer, standing by the side of the road. When Officer Cresswell approached Warden to check his condition, Warden suddenly struck him in the face, knocking him backwards to the ground and rendering him unconscious for a short time.

Officer Cresswell and his wife commenced this action solely against the defendant Warden to recover damages for the personal injuries allegedly sustained by Officer Cresswell when he was struck by Warden. They did not assert any claim against Warden based upon his alleged consumption of alcoholic beverages.

By service of a third-party complaint, Warden impleaded Landmark Food Service, Inc. doing business as Cafe Royale (hereinafter Landmark) and its President Kenneth J. Donisi, seeking contribution from them based ostensibly on the Dram Shop Act (see, General Obligations Law § 11-101). The third-party defendants moved for summary judgment dismissing the third-party complaint on the ground, inter alia, that the Dram Shop Act does not create a cause of action in favor of intoxicated persons who cause injuries.

We find that the court properly granted summary judgment solely to the extent of dismissing that portion of the third-party complaint which was based upon common-law negligence. The cause of action for contribution based on the third-party defendants' alleged violation of the Dram Shop Act was properly continued.

CPLR 1401 provides that "two or more persons who are subject to liability for damages for the same personal injury, injury to property or wrongful death, *may claim contribution* among them *whether or not an action has been brought* or a judgment has been rendered *against the person from whom contribution is sought*" (emphasis added). As this court has previously held, "a tort-feasor may claim contribution from another person who may be subject to liability for damages for the same injury under any theory of liability that plaintiff could have asserted against that person but had not done so" (*Doyle v Happy Tumbler Wash-O-Mat*, 90 AD2d 366, 367). The theory of liability was held to be irrelevant to the defendant third-party plaintiff's right to seek contribution from the third-party defendant pursuant to CPLR article 14. It is the fact of liability to the same person for the same harm, rather than the legal theory upon which liability is based, which controls (see also, *Doundoulakis v Town of Hempstead*, 42 NY2d 440; *Nassau Roofing & Sheet Metal Co. v Celotex Corp.*,

74 AD2d 679; McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C1401:4).

Clearly, in the instant case, the injured plaintiff would have a cause of action against the third-party defendants on the ground that Warden's conduct was the result of intoxication due to the third-party defendants' violation of the Dram Shop Act. It therefore follows that Warden may, at this time, seek contribution from the third-party defendants based upon the alleged violation of the Dram Shop Act. Bracken, J. P., Brown, Kunzeman and Kooper, JJ., concur.