JOHN JOHNSON et al., Plaintiffs, v SAMUEL PLOTKIN, as Administrator of the Estate of ANGELO P. BASSO, Deceased, Defendant, COUNTY OF SULLIVAN et al., Respondents, and TOWN OF THOMPSON, Appellant.

Third Department, December 5, 1991

**APPEARANCES OF COUNSEL**

*Cook, Tucker, Netter & Cloonan, P. C. (Eric M. Kurtz* of counsel), for appellant.

*Goldstein & Stoloff (Richard A. Stoloff* of counsel), for Kiamesha Concord, Inc., respondent.

OPINION OF THE COURT

CASEY, J. P.

This action arises out of a one-car accident in which the driver and one passenger were killed and a third occupant sustained serious injuries. Plaintiffs, who are the injured passenger and the administratrix of the deceased passenger, seek damages from the estate of the driver of the vehicle, Sullivan County, the Town of Thompson, and the operators of two facilities which serve alcoholic beverages (hereinafter defendants). Sullivan County moved for summary judgment and defendants cross-moved for similar relief. Supreme Court granted the motion and cross motions. In appealing, the Town argues that its cross claims against defendants were improperly dismissed.

■ The Town's cross claims for contribution against defendants are based upon the theory that plaintiffs' injuries are due at least in part to defendants' illegal sales of alcohol, so that defendants are subject to liability for compensatory damages under the Dram Shop Act (see, General Obligations Law § 11-101). The Town, which is alleged to have been negligent, is subject to liability for damages for the same injuries and, therefore, may claim contribution from defendants (see, CPLR 1401; *Herrick v Second Cuthouse,* 100 AD2d 952, *affd* 64 NY2d 692). The cross claims for contribution based upon allegations that defendants violated the Dram Shop Act are not dependent upon the theory of liability asserted by plaintiffs (see, *Cresswell v Warden,* 164 AD2d 855, 856). Accordingly, plaintiffs' failure to appeal from the dismissal of their Dram Shop causes of action against defendants does not preclude the Town from seeking reinstatement of its cross claims for contribution against defendants.

■ "The Dram Shop Act created a cause of action unknown at common law by allowing recovery against a tavern owner for injuries caused as a result of [a] patron's intoxication" *(Fox v Mercer,* 109 AD2d 59, 60), but there can be no liability unless there has been an illegal sale of alcoholic beverages *(Joly v Northway Motor Car Corp.,* 132 AD2d 790, 791). Defendants maintain that inasmuch as there is undisputed evidence in the record that the driver of the vehicle was not visibly intoxicated when he was at defendants' premises, there could be no illegal sales of alcoholic beverages. In *Powers v Niagara Mohawk Power Corp.* (129 AD2d 37, 40), this court held that "since 'persons under the age of 19' (now 21) and 'intoxicated

persons' are separately classified (Alcoholic Beverage Control Law former § 65 [1], [2]), an underage person need not be intoxicated at the time of the purchase for the sale to be unlawful under the Dram Shop Act". The driver in this case was under age and there is evidence in the record that defendants sold alcoholic beverages to the driver. We conclude, therefore, that defendants were not entitled to summary judgment against the Town on the theory that, as a matter of law, no illegal sale occurred.

■ Although the underage driver's intoxication at the time of the sale is not relevant, intoxication at the time of the accident is a relevant factor because liability arises under the Dram Shop Act only when the injuries are caused "by any intoxicated person, or by reason of the intoxication of any person" (General Obligations Law § 11-101 [1]). The record contains a report listing the deceased driver's blood alcohol content at .26%. At one time, the Vehicle and Traffic Law provided that a blood alcohol content above a certain level constituted prima facie evidence of intoxication in certain proceedings *(see, People v Leis,* 13 AD2d 22). Now, however, the Vehicle and Traffic Law provides for the separate and distinct crimes of driving while intoxicated (Vehicle and Traffic Law § 1192 [3]) and driving with a blood alcohol content of .10% or more (Vehicle and Traffic Law § 1192 [2]). Vehicle and Traffic Law § 1192 (2) "pertains only to blood alcohol level *without regard to the effect which that alcohol may have on the driver" (People v Brown,* 53 NY2d 979, 981 [emphasis supplied]). Accordingly, this court has said that section 1192 (2) "does not create a presumption of intoxication based on blood alcohol content" *(Scheu v High-Forest Corp.,* 129 AD2d 366, 371; *cf.,* Vehicle and Traffic Law § 1195 [2] [which prescribes the probative value to be given evidence of blood alcohol levels *below* .10%]; *but see, Senn v Scudieri,* 165 AD2d 346, 352 [where the First Department said that a blood alcohol level of .10% "is the legal standard for intoxication"]). Nevertheless, we are of the view that for the purposes of the Dram Shop Act a blood alcohol content of .26% is some evidence of intoxication and, in the circumstances of this case, it is sufficient to preclude summary judgment on the issue of the deceased driver's intoxication at the time of the accident.

■ As to the issue of causation, Supreme Court held that the undisputed evidence of the absence of any visible signs of the driver's intoxication when he left either of defendants' establishments precluded a finding that defendants' alleged

illegal sales of alcohol caused or contributed to the accident. It has been said that, under the Dram Shop Act, "[i]t is sufficient * * * if some reasonable or practical connection between the unlawful sale and the wrongful death is established. Proximate cause in the conventional common-law negligence action is not required" *(Bartkowiak v St. Adalbert's R. C. Church Socy.,* 40 AD2d 306, 310). We are of the view that the lack of any visible signs of the driver's intoxication when he left defendants' premises does not establish as a matter of law the absence of some reasonable or practical connection between the alleged illegal sales and the driver's alleged intoxication at the time of the accident.

For all of the reasons set forth above, we conclude that summary judgment dismissing the Town's cross claims against defendants should not have been granted. The order should be modified accordingly.

WEISS, LEVINE, MERCURE and HARVEY, JJ., concur.

Ordered that the order is modified, on the law, with costs to defendant Town of Thompson, by reversing so much thereof as granted the cross motions of defendants Kiamesha Concord, Inc., Steven Schumer and Susan Schumer for summary judgment dismissing the cross claims of defendant Town of Thompson against them; cross motions denied to that extent; and, as so modified, affirmed.