■ NANCY CHURCH, Individually and as Administrator of the Estate of SHANE N. CHURCH, Deceased, et al., Respondents, v HELEN BURDICK, Individually and Doing Business as COLONIAL INN, et al., Appellants, et al., Defendants. [642 NYS2d 426] —Mercure, J. Appeal from that part of an order of the Supreme Court (Kahn, J.), entered August 28, 1995 in Rensselaer County, which denied a motion by defendants Helen Burdick and John Davendonis for summary judgment dismissing the first cause of action in the amended complaint.

Following an afternoon of drinking at the Colonial Inn in the Town of Berlin, Rensselaer County, defendant Russell Haley returned to his home in an intoxicated condition. Shortly thereafter, Haley became involved in an argument with plaintiffs' decedent, Shane N. Church, who had stopped by to pick up a rototiller he had purchased from Haley's wife. During the course of the confrontation, Haley cocked and pointed a firearm at Church, the weapon discharged and Church was killed. For the purpose of this appeal, we may assume that defendants John Davendonis and Helen Burdick (hereinafter collectively referred to as defendants), the bartender and operator of the Colonial Inn, served Haley alcoholic beverages when he was visibly intoxicated and thereby violated Alcoholic

Beverage Control Law § 65. The only issue that need be considered is whether Supreme Court properly denied defendants' motion for summary judgment dismissing plaintiffs' Dram Shop Act cause of action because there existed a factual issue as to whether plaintiffs' injuries arose "by reason of [Haley's] intoxication" (General Obligations Law § 11-101 [1]). We respond in the affirmative and accordingly affirm.

In our view, evidence that Haley was passive throughout his four-hour drinking bout or that he had returned home and been sleeping for 10 to 15 minutes when Church arrived at his house by no means compels the conclusion that the damages did not arise by reason of Haley's intoxication. Under the Dram Shop Act, "[i]t is sufficient * * * if some reasonable or practical connection between the unlawful sale and the wrongful death is established" (*Bartkowiak v St. Adalbert's R. C. Church Socy.*, 40 AD2d 306, 310; *see, Johnson v Plotkin*, 172 AD2d 88, 92, *lv dismissed* 79 NY2d 977). Proximate cause, as must be established within the context of a conventional common-law negligence action, is not required (*see, supra*). Even assuming (without deciding) that defendants made a prima facie showing of entitlement to judgment as a matter of law (*see, Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853), we conclude that the evidence concerning the extent of Haley's intoxication and his conduct in connection with the altercation with Church, resulting in his conviction for depraved indifference murder (*People v Haley*, 195 AD2d 873, *lv denied* 82 NY2d 896), was sufficient to raise a material question of fact for resolution by the jury.

Mikoll, J. P., Crew III and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.