■ James D. Catania et al., Appellants, v 124 In-To-Go, Corp., Doing Business as Club Expo, Respondent. [731 NYS2d 207] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Orange County (Slobod, J.), entered October 16, 2000, which, upon a jury verdict on the issue of liability, is in favor of the defendant and against them dismissing the complaint.

Ordered that the judgment is reversed, on the law and the facts, with costs, the verdict is vacated, the complaint is reinstated, the plaintiffs are awarded judgment as a matter of law on the issue of liability, and the matter is remitted to the Supreme Court, Orange County, for a trial on the issue of damages.

On the night of December 23, 1994, the plaintiff James D. Catania was assaulted by an unidentified man inside a Brooklyn nightclub owned by the defendant. The injured plaintiff (hereinafter the plaintiff) and his wife subsequently commenced this action against the nightclub's owner, contending that the defendant violated General Obligations Law § 11-101, known as the Dram Shop Act, by selling alcoholic

beverages to the assailant, who was visibly intoxicated. At trial, the plaintiff and four of his friends testified that they observed the assailant drinking beer and "shots" throughout the course of the evening. As the evening progressed, the assailant's behavior became increasingly belligerent and aggressive, and one of the plaintiff's friends, who was also employed as a bartender at the club, instructed a fellow bartender to stop serving alcohol to the assailant. When the plaintiff walked past the assailant on his way out of the club, the man suddenly turned around, and struck the plaintiff in the head with brass knuckles. The deposition testimony of a bar manager employed by the defendant corroborated the plaintiff's claim that he had not engaged in any type of altercation with the assailant prior to the attack. The Supreme Court submitted interrogatories to the jury asking them to determine whether (1) the defendant sold alcoholic beverages to a visibly-intoxicated person who then assaulted the plaintiff James Catania, (2) the sale caused or contributed to the assailant's intoxication, and (3) there was some reasonable connection between the assailant's intoxication and the plaintiff's injury. Although the jury answered the first two questions in the affirmative, it found no reasonable connection between the assailant's intoxication and the plaintiff's injury.

On appeal, the plaintiffs contend, *inter alia*, that the jury verdict absolving the defendant of liability under the Dram Shop Act because the assault was not connected to the assailant's intoxication should be set aside as a matter of law. We agree. "The Dram Shop Act created a cause of action unknown at common law by allowing recovery against a tavern owner for injuries caused as a result of [a] patron's intoxication" (*Johnson v Plotkin*, 172 AD2d 88, 90). Under the statute, a party who unlawfully sells alcohol to a visibly-intoxicated person is liable for injuries caused by reason of that person's intoxication (*see*, General Obligations Law § 11-101; Alcoholic Beverage Control Law § 65 [2]; *Adamy v Ziriakus*, 231 AD2d 80, *affd* 92 NY2d 396, 400). In order to show that the damages suffered by the plaintiff in a Dram Shop action arose "by reason of the intoxication" of a patron to whom alcohol was illegally sold, there must be "some reasonable or practical connection" between the sale of alcohol and the resulting injuries (*Adamy v Ziriakus, supra*, at 88; *see, Church v Burdick*, 227 AD2d 817, 818; *Johnson v Plotkin, supra; Bartkowiak v St. Adalbert's R. C. Church Socy.*, 40 AD2d 306, 310). However, proximate cause, as must be established in a conventional negligence case, is not required (*see, Adamy v Ziriakus, supra; Church v Burdick, supra; Johnson v Plotkin, supra; Bartkowiak v St. Adalbert's R. C. Church Socy., supra*). In this case,

the jury found that the defendant sold alcohol to the visibly-intoxicated person who assaulted the plaintiff, and that the sale of alcohol contributed to this person's intoxication to an appreciable degree. Furthermore, there was uncontradicted testimony that the unidentified assailant's behavior became increasingly aggressive as he continued to drink throughout the course of the evening, and that the attack on the plaintiff was sudden and unprovoked. Under these circumstances, "no valid line of reasoning and permissible inferences" could have lead to a conclusion other than that there was a reasonable connection between the assailant's intoxication and the assault (*Cohen v Hallmark Cards,* 45 NY2d 493, 498-499; *see, Nicastro v Park,* 113 AD2d 129; *see also, Church v Burdick, supra; Lippman v Hines,* 138 AD2d 845; *Bartkowiak v St. Adalbert's R. C. Church Socy., supra*). Accordingly, the plaintiffs are entitled to judgment as a matter of law on the issue of liability.

In light of our determination, we need not address the plaintiffs' remaining contentions. Altman, J. P., Krausman, Florio and Cozier, JJ., concur.