■ KEVIN TORMEY, Appellant, v SHELL OIL COMPANY et al., Respondents. [766 NYS2d 73] —In an action to recover damages for personal injuries, the plaintiff appeals from (1) a decision of the Supreme Court, Dutchess County (Dolan, J.), dated April 18, 2002, and (2) a judgment of the same court, dated April 24, 2002, which, upon granting the defendants' motion pursuant to CPLR 4401 made at the close of the plaintiff's case for judgment as a matter of law, is in favor of the defendants and against him dismissing the complaint.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (*see Schicchi v Green Constr. Corp.,* 100 AD2d 509 [1984]); and it is further,

Ordered that the judgment is reversed, on the law, the motion is denied, the complaint is reinstated, and the matter is remitted to the Supreme Court, Dutchess County, for a new trial; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

A motion to dismiss a complaint for failure to establish a prima facie case should only be granted if, upon viewing the evidence in a light most favorable to the plaintiff, there is no rational process by which a jury could find for the plaintiff and against the moving defendant (*see Smith v Hercules Constr. Corp.,* 274 AD2d 467, 468 [2000]; *DiGiovanni v Rausch,* 226 AD2d 420 [1996]; CPLR 4401). Applying this standard to the instant case, the trial court improperly granted the defendants' motion to dismiss the complaint at the close of the plaintiff's case.

Under the circumstances of this case, the defendants' contention that the allegedly dangerous condition was open and obvious presents an issue of fact concerning the plaintiff's comparative fault and does not relieve them of liability (*see Chambers v Maury Povich Show,* 285 AD2d 440 [2001]; *Ting v Jamaica Sav. Bank,* 295 AD2d 601 [2002]; *Acevedo v Camac,* 293 Ad2d 430 [2002]).

Furthermore, contrary to the defendants' contention, the plaintiff made out a prima facie case that the defendant Shell Oil Company retained sufficient control over the premises so that it had a duty to maintain the parking lot in a reasonably

safe condition (*see generally Putnam v Stout,* 38 NY2d 607 [1976]).

The defendants' remaining contention is without merit. Feuerstein, J.P., McGinity, H. Miller and Townes, JJ., concur.