■ MARTIN LACATENA et al., Appellants, v M.C. & E.D. BECK, INC., Doing Business as P & G's RESTAURANT, Respondent, et al., Defendants. [825 NYS2d 727]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Orange County (Slobod, J.), entered April 12, 2005, which, upon a jury verdict, inter alia, is in favor of the defendant M.C. & E.D. Beck, Inc., doing business as P & G's Restaurant, and against them dismissing the complaint insofar as asserted against that defendant.

Ordered that the judgment is reversed, on the law, and a new trial is granted on the issue of liability of the defendant M.C. & E.D. Beck, Inc., doing business as P & G's Restaurant and the apportionment of fault between that defendant and Jarod V. LaCatena, with costs to abide the event. The findings of fact on the issue of the liability of the defendant Stephanie L. Putsay and on the issue of damages are affirmed.

General Obligations Law § 11-101 (1), also known as the Dram Shop Act, provides that a party who "unlawfully" sells alcohol to another person is liable for injuries caused by reason of that person's intoxication (*see Adamy v Ziriakus*, 92 NY2d 396, 400 [1998]; *Romano v Stanley*, 90 NY2d 444, 447 [1997]). Alcoholic Beverage Control Law § 65 (2) states that it is unlawful to furnish an alcoholic beverage to any "visibly intoxicated person."

With respect to liability pursuant to the Dram Shop Act, the trial court charged the jury using the language set forth in 1A NY PJI3d 2:28 (2006). The trial court then added additional language based upon the decision of the Court of Appeals in *Romano v Stanley (supra)* that evidence of a high blood alcohol content "standing alone does not establish visible intoxication required under the statute." However, the trial court further instructed the jury that "[e]vidence that a person has consumed alcohol, and has the odor of alcohol on his or her breath is not conclusive proof of visible intoxication. Nor can a factual determination of visible intoxication be made solely on the basis of how much alcohol a person has consumed. Since the effect of alcohol may differ greatly from person to person. It is one factor for you to consider."

The plaintiffs objected to these instructions and requested an additional instruction that circumstantial evidence of visible intoxication "is admissible and sufficient." The trial court overruled the objection and denied their request on the ground that the jury had been given general instructions as to the meaning and weight of circumstantial evidence. This was error.

The instructions to the jury with respect to the Dram Shop Act improperly conveyed the view that circumstantial evidence of visible intoxication based upon multiple factors, each of which standing alone would be insufficient for a finding of liability, constituted insufficient evidence even if considered together. The general instructions with respect to circumstantial evidence did not inform the jury that such factors could be considered together to establish visible intoxication (*see Adamy v Ziriakus, supra*).

Since the jury instructions were insufficient, there must be a new trial on the issue of the liability of the defendant M.C. & E.D. Beck, Inc., doing business as P & G's Restaurant, and the apportionment of fault between that defendant and Jarod V. LaCatena. Florio, J.P., Ritter, Goldstein and Lifson, JJ., concur.