■ RONALD GLAZER, Appellant, v LOUIS OTTIMO et al., Respondents, et al., Defendant. [923 NYS2d 855]—

In an action to recover damages for breach of contract and fraud, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Phelan, J.), entered July 30, 2010, which, upon the granting of the motion of the defendants Louis Ottimo and Anthony Ottimo pursuant to CPLR 4401 for judgment as a matter of law, made at the close of the plaintiff's case, is in favor of those defendants and against him dismissing the complaint insofar as asserted against those defendants.

Ordered that the judgment is affirmed, with costs.

A defendant's motion for judgment as a matter of law pursuant to CPLR 4401 should be granted only when, as here, accepting the plaintiff's evidence as true, and according that evidence the benefit of every favorable inference that can reasonably be drawn from it, there is no rational process by which the jury could find for the plaintiff against the defendant (*see Centennial Contrs. Enters. v East N.Y. Renovation Corp.*, 79 AD3d 690, 691-692 [2010]; *Dockery v Sprecher*, 68 AD3d 1043, 1045 [2009]). Here, accepting the plaintiff's testimony at trial as true, and affording it every favorable inference, the plaintiff failed to make out a prima facie case that he had entered into a loan agreement with the defendants Louis Ottimo and Anthony Ottimo (hereinafter together the defendants) or that the money he tendered to them personally was not in the nature of an investment. Furthermore, the plaintiff failed to establish, prima facie, that he reasonably relied, to his detriment, on any material misrepresentation of fact made to him by the defendants. Accordingly, the Supreme Court properly granted the defendants' motion, made at the close of the plaintiff's case, for judgment as a matter of law. Dillon, J.P., Balkin, Leventhal and Hall, JJ., concur.