■ Gael Sutter, Appellant, v Inserra Supermarkets, Inc., Respondent. [960 NYS2d 431]—

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Rockland County (Garvey, J.), dated October 26, 2011, which, upon the granting of the defendant's motion pursuant to CPLR 4401 for judgment as a matter of law, made at the close of the plaintiff's case, is in favor of the defendant and against her, dismissing the complaint.

Ordered that the judgment is reversed, on the law, with costs, the motion is denied, the complaint is reinstated, and the matter is remitted to the Supreme Court, Rockland County, for a new trial.

At trial, the plaintiff testified that, as she retrieved a box of

cereal from a display at the defendant's supermarket, she was struck in the head by an object. Another witness testified that there was a metal shelf amongst the cereal boxes strewn about the location in which the plaintiff had fallen to the ground. The plaintiff's expert, an architect with 13 years of experience in the grocery store industry, opined that an unstable display fell on the plaintiff based on the evidence regarding the plaintiff's height, that she had to reach up to get the box of cereal, and that there were other boxes stacked even higher than the one retrieved by the plaintiff.

At the close of the plaintiff's case, the defendant moved pursuant to CPLR 4401 for judgment as a matter of law. The motion was granted and a judgment was entered in favor of the defendant, dismissing the complaint.

"A trial court's grant of a CPLR 4401 motion for judgment as a matter of law is appropriate where the trial court finds that, upon the evidence presented, there is no rational process by which the fact trier could base a finding in favor of the nonmoving party" (*Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]; *see Rivera v New York Presbyt. Hosp.*, 95 AD3d 861, 862 [2012]; *Glazer v Ottimo*, 84 AD3d 1023, 1024 [2011]). Applying this standard, the Supreme Court improperly granted the defendant's motion (*see Tormey v Shell Oil Co.*, 309 AD2d 856, 856 [2003]).

Accepting the evidence submitted as part of the plaintiff's case at trial as true, and according it every favorable inference, the plaintiff made out a prima facie case that the defendant failed to maintain its premises in a reasonably safe condition. A rational trier of fact could conclude, from the evidence presented, that the plaintiff was struck by a metal shelf that was part of the unstable cereal display. Under these circumstances, the plaintiff made out a prima facie case and the matter should have been submitted to the jury (*see Dedeoglou v Beckles*, 84 AD2d 827 [1981]).

The plaintiff correctly contends that, at the new trial, she should be permitted to introduce evidence regarding her injuries. However, such evidence should be permitted only to the extent it is relevant to identify the object that struck the plaintiff. Skelos, J.P., Leventhal, Hall and Lott, JJ., concur.