■ CATHY SULLIVAN, Appellant, v MULINOS OF WESTCHESTER, INC., et al., Respondents, et al., Defendants. [980 NYS2d 577]—

In an action, inter alia, to recover damages for personal injuries and wrongful death, the plaintiff appeals from a judgment of the Supreme Court, Rockland County (Berliner, J.), entered May 23, 2012, which, upon the granting of the separate motions of the defendants Mulinos of Westchester, Inc., and Self-Service, Inc., doing business as Trotters Tavern, pursuant to CPLR 4401, made at the close of evidence, for judgment as a matter of law dismissing the complaint insofar as asserted against each of them, is in favor of those defendants and against her dismissing the complaint insofar as asserted against those defendants.

Ordered that the judgment is reversed, on the law, with one bill of costs to the appellant payable by the respondents appearing separately and filing separate briefs, the separate motions of the defendants Mulinos of Westchester, Inc., and Self-Service, Inc., doing business as Trotters Tavern, pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint insofar as asserted against each of them are denied, and the complaint is reinstated insofar as asserted against those defendants.

On February 11, 2005, at approximately 1:45 a.m., while traveling over the Tappan Zee Bridge, the plaintiff's decedent, John Sullivan (hereinafter Sullivan), lost control of the vehicle he was operating and was killed when it struck a lamp pole and went over a guide rail and into the Hudson River. Sullivan, who allegedly was intoxicated at the time of his death, had patronized establishments owned by the defendant Mulinos of Westchester, Inc. (hereinafter Mulinos), and Self- Service, Inc., doing business as Trotters Tavern (hereinafter Trotters Tavern), prior to the accident. The plaintiff commenced this action against, among others, Mulinos and Trotters Tavern, contending, inter alia, that they violated General Obligations Law § 11-101 by selling alcoholic beverages to Sullivan while he was visibly intoxicated.

At trial, the plaintiff presented testimony from, among others, the person who met Sullivan at Mulinos and later drove him to Trotters Tavern, and a patron who socialized with Sullivan for "several hours" at Trotters Tavern. The plaintiff also

presented the testimony of the Rockland County Medical Examiner. At the conclusion of the plaintiff's case, Mulinos and Trotters Tavern separately moved for judgment as a matter of law dismissing the complaint insofar as asserted against each of them for failure to establish a prima facie case. The Supreme Court granted both motions and, in the judgment appealed from, dismissed the complaint insofar as asserted against Mulinos and Trotters Tavern.

"A trial court's grant of a CPLR 4401 motion for judgment as a matter of law is appropriate where the trial court finds that, upon the evidence presented, there is no rational process by which the fact trier could base a finding in favor of the nonmoving party" (*Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]). Applying this standard, the Supreme Court improperly granted the separate motions by Mulinos and Trotters Tavern (*see Sutter v Inserra Supermarkets, Inc.*, 104 AD3d 759 [2013]).

General Obligations Law § 11-101, known as the Dram Shop Act, provides that a party that "unlawfully" sells alcohol to another person is liable for injuries caused by reason of that person's intoxication (*see Adamy v Ziriakus*, 92 NY2d 396, 400 [1998]; *Romano v Stanley*, 90 NY2d 444 [1997]; *LaCatena v M.C. & E.D. Beck, Inc.*, 35 AD3d 388 [2006]). Under Alcoholic Beverage Control Law § 65 (2), it is unlawful to furnish an alcoholic beverage to "[a]ny visibly intoxicated person" (*see Adamy v Ziriakus*, 92 NY2d at 400).

Contrary to the Supreme Court's conclusion, accepting the evidence presented at trial by the plaintiff as true, and according it every favorable inference, the plaintiff established, prima facie, that there was a "reasonable or practical connection" between the alleged unlawful sale of alcohol at Mulinos and the resulting damages (*Sullivan v Mulinos of Westchester, Inc.*, 73 AD3d 1018, 1020 [2010] [internal quotation marks omitted]; *see McArdle v 123 Jackpot, Inc.*, 51 AD3d 743, 746 [2008]; *McNeill v Rugby Joe's*, 298 AD2d 369, 370 [2002]; *Catania v 124 In-To-Go, Corp.*, 287 AD2d 476, 477 [2001]; *Adamy v Ziriakus*, 231 AD2d 80, 88 [1997], *affd* 92 NY2d 396 [1998]; *Church v Burdick*, 227 AD2d 817, 818 [1996]; *Johnson v Plotkin*, 172 AD2d 88, 92 [1991]). Although the Medical Examiner acknowledged that the alcohol that Sullivan consumed at Mulinos would have been metabolized by the time of the accident, "assum[ing] that [he] did not consume anymore alcohol that evening," she also opined, based on the testimony of the witnesses and Sullivan's blood alcohol content at the time of the accident, that Sullivan did indeed consume numerous drinks after leaving Mulinos. Considering the evidence presented, a jury could have reason-

ably concluded that Sullivan remained intoxicated throughout the night, that the alcohol consumed at Mulinos contributed to his intoxication to an appreciable degree, and thus, that there was a reasonable and practical connection between the alcohol served at Mulinos and the damages sustained in the accident (*see McArdle v 123 Jackpot, Inc.*, 51 AD3d at 746; *McNeill v Rugby Joe's*, 298 AD2d at 370; *Catania v 124 In-To-Go, Corp.*, 287 AD2d at 477).

The evidence presented by the plaintiff, when accepted as true and afforded every favorable inference, was also sufficient to establish, prima facie, that Sullivan was furnished alcohol at Trotters Tavern while he was visibly intoxicated (*see Adamy v Ziriakus*, 92 NY2d at 400; *Sullivan v Mulinos of Westchester, Inc.*, 73 AD3d at 1020). The Medical Examiner's opinion, coupled with testimony from the person who met Sullivan at Mulinos and later drove him to Trotters Tavern, was sufficient to establish that Sullivan consumed alcohol at Trotters Tavern and that he was visibly intoxicated at the time (*see Adamy v Ziriakus*, 92 NY2d at 400; *Sullivan v Mulinos of Westchester, Inc.*, 73 AD3d at 1020). Moreover, considering the circumstantial evidence presented, it would have been reasonable and permissible for a jury to infer that Trotters Tavern furnished the alcohol that Sullivan consumed (*see Adamy v Ziriakus*, 92 NY2d at 402-403).

As the plaintiff made out a prima facie case against both Mulinos and Trotters Tavern for violations of General Obligations Law § 11-101, those defendants' separate motions for judgment as a matter of law should have been denied and the matter should have been submitted to the jury. Skelos, J.P., Lott, Cohen and Hinds-Radix, JJ., concur.