Sherwood v Otto Jazz, Inc. (2020 NY Slip Op 04801)





Sherwood v Otto Jazz, Inc.


2020 NY Slip Op 04801


Decided on August 26, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 26, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
COLLEEN D. DUFFY
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY, JJ.


2017-13380
 (Index No. 31360/14)

[*1]Alysoun Sherwood, respondent,
v
Otto Jazz, Inc., etc., appellant, et al., defendant.


Lewis, Brisbois, Bisgaard & Smith, LLP, New York, NY (Nicholas Hurzeler and James T. Whelan, Jr., of counsel), for appellant.
Neimark & Neimark, LLP, New City, NY (George G. Coffinas of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries pursuant to General Obligations Law § 11-101, the defendant Otto Jazz, Inc., appeals from a judgment of the Supreme Court, Rockland County (Gerald E. Loehr, J.), dated November 14, 2017. The judgment, insofar as appealed from, upon, inter alia, the denial of the motion of the defendant Otto Jazz, Inc., pursuant to CPLR 4401, made at the close of the plaintiff's case, for judgment as a matter of law dismissing the complaint insofar as asserted against it, upon a jury verdict in favor of the plaintiff on the issue of liability, and upon a jury verdict awarding the plaintiff the sum of $6,200,000, is in favor of the plaintiff and against that defendant.
ORDERED that the judgment is reversed insofar as appealed from, on the law, with costs, the motion of the defendant Otto Jazz, Inc., pursuant to CPLR 4401, made at the close of the plaintiff's case, for judgment as a matter of law dismissing the complaint insofar as asserted against it is granted, and the complaint is dismissed insofar as asserted against that defendant.
On February 22, 2013, the plaintiff sustained injuries when the vehicle she was operating was struck by a vehicle operated by the defendant Michael Coyle. Prior to the incident, Coyle had been a patron at a bar/restaurant owned and operated by the defendant Otto Jazz Inc. (hereinafter Otto), where, allegedly, he consumed beer and liquor. Ultimately, Coyle pleaded guilty to charges of aggravated vehicular assault and aggravated driving while intoxicated in a criminal action stemming from the incident.
Subsequently, the plaintiff commenced this action to recover damages for her injuries, asserting, inter alia, a cause of action against Otto alleging a violation of the Dram Shop Act (General Obligations Law § 11-101[1]). The action proceeded to a bifurcated jury trial, with the jury first finding Otto 30% at fault in the happening of the incident and Coyle 70% at fault, and then awarding the plaintiff damages in the principal sum of $6.2 million. Otto appeals.
A motion pursuant to CPLR 4401 for judgment as a matter of law "may be granted only when the trial court determines that, upon the evidence presented, there is no valid line of reasoning and permissible inferences which could possibly lead rational persons to the conclusion [*2]reached by the jury upon the evidence presented at trial, and no rational process by which the jury could find in favor of the nonmoving party" (Ippolito v Consolidated Edison of N.Y., Inc., 177 AD3d 715, 717 [internal quotation marks and citations omitted]; see Szczerbiak v Pilat, 90 NY2d 553, 556). Applying this standard, the Supreme Court should have granted Otto's motion pursuant to CPLR 4401, made at the close of the plaintiff's case, for judgment as a matter of law dismissing the complaint insofar as asserted against it.
To make out a prima facie case against Otto for violation of the Dram Shop Act, the plaintiff was required to prove, inter alia, that Otto served alcohol to Coyle while he was visibly intoxicated (see General Obligations Law § 11-101; Alcoholic Beverage Control Law § 65[2]; see also Sullivan v Mulinos of Westchester, Inc., 114 AD3d 844, 845). Here, viewing the evidence in the light most favorable to the plaintiff, no rational jury could have found at the close of the plaintiff's case that Otto served alcohol to Coyle while he was visibly intoxicated. In fact, absent the admission into evidence of the transcript of Coyle's plea allocution from the related criminal action, which, as the plaintiff concedes, the Supreme Court correctly found could not be used against Otto (see generally Basile v Huntington Utilities Fuel Corp., 60 AD2d 616, 617), the plaintiff failed to present any evidence that Otto served alcohol to Coyle while he was visibly intoxicated. Consequently, the court should have granted Otto's motion pursuant to CPLR 4401, made at the close of the plaintiff's case, for judgment as a matter of law dismissing the complaint insofar as asserted against it.
In light of our determination, we need not address the parties' remaining contentions.
BALKIN, J.P., DUFFY, LASALLE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court