Lorenzo v Great Performances/Artists as Waitresses, Inc. (2022 NY Slip Op 07505)

Lorenzo v Great Performances/Artists as Waitresses, Inc.

2022 NY Slip Op 07505

Decided on December 29, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 29, 2022

Before: Kern, J.P., Kennedy, Scarpulla, Pitt-Burke, Higgitt, JJ. 

Index No. 161170/13, 595347/14, 595339/16, 595661/16 Appeal No. 16984 Case No. 2022-01709 

[*1]Hector Lorenzo, Plaintiff-Appellant,
v
Great Performances/Artists as Waitresses, Inc., et al., Defendants, CPS 5 LLC, Defendant-Respondent. [And Third-Party Actions.] 

Certain & Zilberg, PLLC, New York (Douglas Herring of counsel), for appellant.
Rende, Ryan & Downes, LLP, White Plains (Alissa A. Mendys of counsel), for respondent.

Order, Supreme Court, New York County (Richard Latin, J.), entered on or about December 16, 2021, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for summary judgment on the issue of liability on his cause of action pursuant to the Dram Shop Act (General Obligations Law § 11-101) as against defendant CPS 5 LLC, and granted defendants CPS 5 and Great Expectations Catering LLC's (collectively, CPS) motion for summary judgment dismissing plaintiff's common-law negligence claim as against them, unanimously affirmed, without costs.
This case stems from third-party defendant John Yahara's (John) assault of plaintiff at a 2012 wedding at the Plaza Hotel in Manhattan. CPS is a catering company that served alcohol at the wedding and which leased certain portions of the Plaza Hotel, although not certain common areas, such as stairwells. The wedding lasted from 6 p.m. until about midnight. Towards the end of the evening, close to midnight, John led plaintiff into a stairwell where he punched plaintiff in the face, causing serious injuries.
Plaintiff's motion for summary judgment on the issue of liability on his Dram Shop Act claim as against CPS was properly denied. For a plaintiff to succeed on a summary judgment motion on a claim brought pursuant to the Dram Shop Act, the plaintiff must demonstrate that defendant provided alcohol to a person who was visibly intoxicated and that the service of alcohol had at least some reasonable connection to the resulting damages (see Catania v 124 In-To-Go, Corp., 287 AD2d 476 [2d Dept 2001], lv dismissed 97 NY2d 699 [2002]).
Initially, there are issues of fact as to whether John was visibly intoxicated when CPS delivered or gave alcohol to him. Although plaintiff's and plaintiff's friend's testimony supports a finding that John was visibly intoxicated, the groom testified that he did not observe John acting intoxicated or behaving in an intoxicated way (see Carver v P.J. Carney's, 103 AD3d 447, 448 [1st Dept 2013]).
There are also issues of fact as to whether there was a "reasonable or practical connection" between defendant's service of alcohol to John and the assault of plaintiff (Carver, 103 AD3d at 448 [internal quotation marks omitted]). Here, the record does not support a finding that there was a reasonable or practical connection between defendant's service of alcohol to John and his assault of plaintiff as a matter of law. It is unclear from the record why John assaulted the plaintiff and what connection, if any, there was between John's intoxication and the assault. There is no testimony in the record that John was acting violent, aggressive or belligerent prior to his assault of the plaintiff (cf. Catania, 287 AD2d at 478 ["there was uncontradicted testimony that the . . . assailant's behavior became increasingly aggressive as he continued to drink throughout the course of the evening"]).
The motion court also properly dismissed plaintiff's common-law negligence claim [*2]as against CPS. Initially, CPS leased, but did not own, the area in which the wedding was held, and CPS's lease did not include the stairwells, including the stairwell in which John assaulted plaintiff (see D'Amico v Christie, 71 NY2d 76, 85 [1987]). Further, the record is bereft of any evidence that John displayed any violent tendencies prior to his assault of plaintiff so as to put CPS on notice that John needed to be controlled (see Ricaurte v Inwood Beer Garden & Bistro Inc., 165 AD3d 586, 586 [1st Dept 2018] ["first assault was sudden and unforeseeable, and therefore not actionable"]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 29, 2022